Judge Tucker,
(after stating the case as above.) I was at first inclined to think that the suggestions of the *359 bill were supported by the depositions of the arbitrators, as well as by the instrument executed by Richard Crump, above referred to. And on those grounds I thought the case was brought within the principle stated by Lord Hardwicke, (3 Atk. 644.) and by the master of the rolls, (Ambler, 245) as also within that of Pleasants, Shore & Co. v. Ross, (1 Wash. 158.) independent of the defendant’s consent to open the awards given in his answer. But I entertain some doubts now upon that point; for the arbitrators do not acknowledge any mistake in terms sufficient, as I conceive, to remove the weight of evidence arising out of their award, viz. that the arrangement was made by consent and desire of the parties. This is strongly supported by the affidavit of Mayo Carrington, one of the arbitrators, who swears that, during the examination of the business, a number of accounts and other papers were exhibited by all the parties present, and that Alexander Trent, Peterfield Trent, and' John Scott, were present during the whole time of collating the evidences that were brought forward in the discussion of the business, P. Trait representing Carter and Trent, and Carter and'Trents ; and on those documents the award was founded and returned.
What strengthens this evidence very much, is, thaton the 27th July, 1793, more than six months after the former award, two of the same arbitrators made a second award, (in a suit depending in Henrico Court, between Carter and Trents, plaintiffs, and John Scott, defendant; and, in another between Peterfield Trent and the said John Scott,) in which latter award they proceed upon'the same principles as in the first, declaring the application of a part of the balance due from P. Trent to Scott, to rife credit of the latter with Trent, Crump and Bates, to have been made by the consent and desire of John Scott, and Trent, Crump and Bates, i think therefore the award ought not to be set aside on the ground of mistake hi the,.arbitrators»
*360 But the defendant having in his answer consented to open the award, and it appearing that one of his executors, who is now a defendant, had notice of the reference to a Commissioner, and actually attended him, and admitted that the claim of Trents, Crump and Bates against his testator was properly stated; and having also produced in, evidence the statements upon which the referees appointed by Henrico Court had made up their award in the suits before noticed, without producing evidence, of any errors therein, according to the suggestions made in .the answer of John Scott, both the report and decree appear to me to be right.
Judge Roane.
Were it not for the consent of Scott, stated in his answer, to waive the advantage gained by the award and judgment at law, on condition of re-examining the accounts in relation to the several items stated in that answer, I should probably be of opinion that the award should not be disturbed. The evidence of the arbitrators would, perhaps, be too loose to vary the construction of an agreement from that admitted by the consent of parties, at the time of rendering both awards, as also at that of the rendition of the judgment in the District Court. Besides, the agreement itself of October 25th, 1792, is not explicit and unequivocal in support Of the construction now contended for on the part of the appellees’ counsel. The expression “ balance or balances ,” twice repeated in that instrument, would father seem to rebut that construction, and apply to the separate balances found in favour of Scott, with the several firms, and thus correspond with the construction made at the time-of rendering the'several awards. But, however this point may be, (as to which I give no conclusive'opinion,) the appellants must abide by the admission their testator has made ; and on a perusal of the Commissioners’ report'and the accounts, I see no cause to depart from Iris' report in any of those particulars, and concur that the decree of the Chancery Court be affirmed.
interest on. a *e decree1 of eOTrtofChaneel'y> pending an appeal f,’om tha* de" cree, such apPeaI having been taken before the act of 1803, was not allowed, not-the* case \>f Deans y, Scvi* ¡,a.‘
. By both the Judges, (Judge Fleming not sitting in the cause,) the decree of the Superior Court of Chancery AEJTIUMED. - •
After the Court had delivered their opinions in favour of affirming the decree in the above case, Mr. Wickham submitted to the Court the propriety of allowing the appellees interest upon the debt from the time of the deeree made in the Court 'of Chancery, until it should be J 1 finally' affirmed there ; and referred the Court to' the J case of Deans v. Scriba, (2 Call, 420.) the decree In which K , seems to justify that idea.
Judge Tucker.
With ail the respect which I feel for * • the precedents of this Court, I must be permitted to doubt its power to give such a decree ás is now ashed for. The powers of this Court are altogether statutory. Until the act of 1803, c. 116. (a) which passed, after , . 1 this appeal was allowed, I know of no law that gave to this Court the power of giving damages upon the affirmance of a decree in Chancery. And if interest and damages are convertible terms, as perhaps they may be, I cannot think this Court warranted in giving the latter, under the name of the former, in any case which was depending in this court prior to the commencement of that act. The case of Deans v. Scriba was decided nine years ago, and although there must have been at least a hundred decrees in Chancery affirmed generally since that decision, this in the first application, except in the case of Taijlor and Nicholson, for this court to give interest pendente the appeal, that I have heard of: in that case it was refused. Nor do I think we have power to give it in I his.
Judge Roane.
In the case of Deans v. Scriba,(b) the decree was for a given sum of monej7, with interest *362 thereafter, until paid. On an appeal by the defendant, this. Court declared its opinion to be, “ that in all cases ** simple contracts, not bearing interest in their origin-a^’ ^ut on which at law interest is given by Juries, in “ the way of damages, the interest in equity can only be “..continued to the time of entering the final decree.” The decree was therefore reversed, (inter alia,) as to this interest; and by the decree of this Court interest was directed “ to be computed, on the balance, to the “ time of entering the final decree in the High Court of “ Chancery, in pursuance hereof, the appellants having * unjustly delayed the final decree, by their appeal to “ this Court.” As the Court of Chancery had no power to allow interest, according to this opinion of the Court, beyond the time of entering its decree; and as this Court, reversing a decree, is to render such judgment as the Court below ought to have rendered.(a) and none other, I do not clearly discern that this decision, though upon a reversal, was either warranted by the act just mentioned, so far as it relates to this ulterior interest, or by the general spirit of our acts, (of that day,) which did not allow compensation by way of damages, in the event of affirming decrees in Chancery. As this decree, however, is said to have been rendered upon great consideration, I have certainly no wish whatever to disturb or depart from it. It is however the-case of a reversal, which may make a difference ; whereas, the case before us is that of an ajfirmanae. It is true that- the ground assigned by the Court for giving this ulterior interest in the cáse of Dean's v. Scribal, also applies to this casé, viz. that the appellants “ have by their appeal,' unjustly delayed the “ final decree but, on the other hand, as the law had (at that period) allowed no damages on the affirmance of decrees in Chancery, probably, as was said 'by this court in the case of Skipwith v. Clinch,(b) “ be- “ cause Chancery, cases generally depend upon complex “ and difficult questions which ought to be settled by the “ Supreme Court, and therefore appeals in those, seldom *363 ci practised merely for delay, are not discouraged,” it would seem to be in unison with the same policy, in the case of an affirmance, to omit giving the ulterior interest also, if it were even regular in the case of an affirmance, to add to the decree affirmed. This evil, if it be one, is now remedied, except as to prior cases, by the act of January, 1804, c. 29.(a) which not only gives power to the Courts of Equity to award interest up to the time of payment, but also authorizes the appellate Courts to award 10 •per cent, damages in “ satisfaction of all interest or damages,” from the time the decree was rendered.
On these grounds I am of opinion that no addition, iu respect of this ulterior interest, should be made to this decree of affirmance.

 2 Rev. Code, p. 29.

 2 Call, 415.

 Rev. Code, vol. 1. p. 63.

 3 Call, 88.

 Rev. Code. 2 vol. p. 29.