## 𝔖taunton.

### Doss, Administratrix, v. Big Stone Gap and Another.

#### September 23, 1926.

Negligence—*Proximate and Remote Cause—Action against an Aviator and a Town—Street Impassable Causing Detour Nearer Aviation Field—Case at Bar.*—The instant case was an action against an aviator and a town to recover for the alleged negligent killing of plaintiff's intestate. Where the accident occurred one of the streets of the town was impassable for automobiles and the town provided a detour which was nearer to an aviation field maintained by the town. While on this detour plaintiff's intestate was struck and killed by an aeroplane.

*Held:* That the proximate cause of the injury was the act of the aviator and no act or omission on the part of the town.

Error to a judgment of the Circuit Court of Wise county, in an action of trespass on the case. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*O. M. Vicars* and *Morton & Parker*, for the plaintiff in error.

*Jno. W. Chalkley, Geo. L. Taylor* and *J. F. Bullitt, Jr.*, for the defendant in error.

Burks, J., delivered the opinion of the court.

This was an action against Alvin Skidmore, an aviator, and the town of Big Stone Gap to recover for the alleged negligent killing of the plaintiff's intestate.

The trial court sustained a demurrer filed by the town of Big Stone Gap to the plaintiff's declaration, and dismissed the action as to said town.

The declaration contains five counts and covers seventeen closely printed pages. It is not necessary to copy it, as we accept the plaintiff's statement of its substance as set forth in the petition for the writ of error, which is as follows:

"The declaration, among other things, sets out that said town by and through its charter and various acts of the legislature of Virginia was and is clothed with all the duties and liabilities incident to its existence as a town, and was and is empowered to lay out, open and provide, and maintain public streets, parks, public recreation and amusement grounds or aviation fields, and drive-ways, entrances, exits and detours, for the use of the public in going to and from said parks, aviation grounds, streets, etc., and to provide reasonable rules and regulations for the protection of the public; to keep same in proper repair and order, and to exercise ordinary care in the maintenance of its instrumentalities, grounds, streets, etc., and that pursuant to that authority it had acquired, laid out, maintained and made accessible for the use of the public and aviators and persons coming to and going from said town by aeroplanes, a certain park, solely managed and controlled by it, situate between the north fork of Powell's river and a public street of said town, known as Second avenue, which said park or field was abutting and parallel to and on level with said street and intersecting therewith at the eastern end of said park; that the said park, streets and detours, had been so laid out, used as aforesaid, controlled and managed by said town for a long time previous to the date plaintiff in error's decedent met

his death by the alleged negligence of the town, to-wit: Eight months or more; that said town knowing full well the dangerous instrumentalities used and the dangerous conditions existing at the place, and for a long period of time previous thereto, held out special inducements to aviators to use the park, and invited the public generally to visit. the park, witness the exhibitions, in an effort to afford amusement and pleasure to its citizens and the public and create an interest in, advertise and build up and populate the said town, etc.; that for a long time previous to accident complained of, more than eight months, it had permitted the only street accessible to said park, viz., Second avenue, to become practically impassable for automobiles or vehicles, and permitted the use of, in fact, laid out and maintained for the use of the traveling public a certain detour from a point on said Second avenue across the eastern end of said park, said detour being the only way of getting around the impassable stretch on said avenue; that plaintiff in error's decedent while lawfully driving a Ford touring car on and upon the said detour, and exercising due care for his own safety, was then and there struck from the rear by an aeroplane driven or operated under the negligent conditions set out by said town and its agents, in an attempt on the part of said aeroplane operator to land on the park at the place so provided and maintained by the town, and under its direction, with the understructure thereof resulting in his death instantly.

"The gravamen of the declaration, which we will not attempt to set out in detail in this petition is, the negligent failure of the town to use proper care in the maintenance of its parks, streets and detours—to protect decedent from a danger of which it had

full knowledge upon its own property, and wholly under its control, management and operation, while he, there at the town's invitation, was in the lawful exercise of his rights."

To this declaration the town of Big Stone Gap filed the following demurrer:

"Defendant, town of Big Stone Gap, says that as to it plaintiff's declaration is not sufficient in law, and therefore it demurs thereto and to each count thereof, and for grounds of its separate demurrer, it assigns the following, namely:

"1. The leasing, laying out, opening and operating of an aviation field by the council of said town, as alleged therein, was and is an *ultra vires* act of said council, and this defendant is not bound thereby, and it is not liable in damages to any person for any injury suffered because thereof.

"2. The several statements, allegations and averments of said declaration as to the legal duties and requirements with reference to said aviation field imposed upon this defendant in the premises are made under a misapprehension of law and are not in fact legal duties and requirements imposed by law and should be stricken from said declaration. When so stricken therefrom, the said declaration will not and does not state a cause of action against this defendant.

"3. The declaration shows on its face that the alleged physical condition of the street complained of was not the proximate cause of decedent's injury; but that the proximate cause thereof was the negligence of the defendant, Skidmore, in operating his said aeroplane, and the alleged negligence of this defendant in failing to exercise or in negligently exercising its governmental and public powers in regulating and controlling the use of its streets and parks.

Such powers are legislative and discretionary and a municipal corporation is not liable for failure to exercise same or for their improper or negligent exercise thereof."

[1] We have been favored with a very full discussion and citation of authority on the first and second grounds of demurrer, but we do not deem it necessary to consider them, as it is plain that the alleged acts of negligence on the part of the town were not the proximate cause of the injury complained of. The fact that Second avenue was impassable for automobiles and that the town provided a detour nearer the aviation field was not the proximate cause of the death of plaintiff's intestate.

The facts admitted by the demurrer do not present a case close enough to warrant an extended discussion of the difficult subject of "proximate cause."

In *Milwaukee, &c., R. Co.* v. *Kellogg,* 94 U. S. 469, 475, 24 L. Ed. 256, it is said: "The question always is, was there an unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? It is admitted that the rule is difficult of application. But it is generally held that, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." The same view is expressed in *Scheffer* v. *R. R. Co.,* 105 U. S. 249, 26 L. Ed. 1070; *Connell* v. *Ches. & O. R. Co.,* 95 Va. 44, 24 S. E. 467,

32 L. R. A. 792, 57 Am. St. Rep. 786; *Fowlkes* v. *Southern R. Co.*, 96 Va. 742, 32 S. E. 464. In the last mentioned case it is also said: "To the proximate cause we may usually trace consequences with some degree of assurance; but beyond that we enter a field of conjecture, where the uncertainty renders the attempt futile   *   *   *  . If the wrong and the resulting damages are not known by common experience to be naturally and usually in sequence, and the damage does not, according to the ordinary course of events, follow from the wrong, then the wrong and the damage are not sufficiently conjoined or concatenated as cause and effect to support an action." See also *Allison* v. *Fredericksburg*, 112 Va. 243, 71 S. E. 525, 48 L. R. A. (N. S.) 93; *Norfolk & W. R. Co.* v. *Whitehurst*, 125 Va. 260, 99 L. E. 568, and cases cited.

In the instant case the proximate cause of the injury was the act of Skidmore, the aviator, and no act or omission on the part of the town of Big Stone Gap. The death of the plaintiff's intestate was not "the natural and probable consequence" of the alleged negligence or wrongful act of the town. It could not have been forseen that an injury to any one would probably have been suffered as a result of the alleged negligent acts of the town complained of. Not merely the particular injury, but any injury.

The judgment of the trial court will be affirmed.

*Affirmed.*