## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Louise H. Jennings

v.

St. Elizabeth's Hospital

December 28, 1966

Case No. A-7704

By JUDGE ALEX H. SANDS, JR.

This case arises out of an incident occurring on or about June 11, 1963, in which plaintiff, a patient in defendant hospital, was badly injured when her arm was jerked by an employee of defendant. Defendant admits the alleged act of its employee, that it constituted negligence upon its employee's part which was imputable to it and further admits that the incident resulted in severe subluxation and dislocation of the shoulder joint which caused plaintiff extensive suffering and discomfort.

Plaintiff, on March 9, 1965, instituted suit against defendant seeking recovery for injuries sustained by her resulting from the above incident. During the pendency of this suit and before it reached trial, plaintiff died as the result of an overdose of sleeping pills, self administered, and it is conceded that her death was an act of suicide.

Counsel for plaintiff's administrator thereupon revived the action in the name of the administrator and filed an amended motion for judgment seeking recovery of defendant under the death by wrongful act statute upon the theory that plaintiff's suicide was proximately caused by the physical pain and resulting emotional strain precipitated by the arm jerking incident. Defendant's grounds of defense deny any causal relationship between the hospital incident

and the death of plaintiff's decedent. In response to a request for admissions, plaintiff admits that the death of plaintiff's decedent was the result of a self administered overdose of sleeping pills. It is further conceded that plaintiff left a note addressed to her husband which read: "Goodbye Sweetheart. Just remember that I love you."

Upon this state of the pleadings, defendant moves for summary judgment.

The sole issue involved is whether the question of causal connection between the hospital and plaintiff's death is one of law for the Court or one of fact for the jury.

Both sides concede that there is no Virginia case factually in point.

The unanimous rule as established by out of state decisions appears to be that where a party who is negligently injured by another subsequently dies by suicide that the voluntary act of suicide constitutes an independent cause of death which intervenes and insulates the original act of negligence of the tort feasor from the death of the injured party. (See annotation in 11 A.L.R.2d beginning at page 757 and reviewing cases supporting this rule from the U.S. Supreme Court, Arkansas, Georgia, Indiana, Louisiana, Massachusetts, Nebraska, New York, South Carolina, Tennessee and Washington.)

Plaintiff contends, however, that whatever be the rule in other jurisdictions that from a factual standpoint this is a case of first impression in Virginia and that the rule in Virginia is that while "foreseeability" is a criterion for establishing negligence, that once a negligent act is established as having caused an injury that the negligent party is liable for *all* results which flow from such initial injury, *regardless* of the question of foreseeability.

The cases relied upon by plaintiff, principally *Barnette v. Dickens,* 205 Va. 12 (1964), and *N. & W. Ry. Co. v. Whitehurst,* 125 Va. 260 (1919), although there are some twelve additional cases holding to the same effect, hold, as plaintiff contends, that foreseeability as to consequences, while important in determining whether an act is negligent, is not *decisive* in determining whether the act is the proximate cause of a particular injury or consequence which follows. This rule is not only the

accepted rule in Virginia, but elsewhere. It is further true that once the act is determined to be of a negligent nature, that the perpetrator thereof is answerable for any injurious consequences to others which *naturally* flow from such act. The key word in the second portion of the above rule, however, is the word "naturally." These cases do not bear upon the question of what does and what does not constitute an independent intervening cause which in a given case will sever the chain of causation between the negligent act and the ultimate result complained of.

The unanimously accepted rule, as heretofore stated, is that suicide constitutes such an independent intervening cause between a prior injury and death resulting from suicide. The leading case in this respect is *Scheffer v. Washington City, etc., Co.*, 105 U.S. 249 (1881), where a passenger injured in a railway collision sustained head and spine injuries as the result of which he was alleged to have become mentally deranged and later to have committed suicide. In a suit under the Virginia Wrongful Death Statute the trial court sustained defendant's demurrer on the ground that the suicide was an independent intervening cause and the proximate cause of death while the railroad's negligence was the remote cause.

The Virginia Supreme Court has, upon three separate occasions, approved the U.S. Supreme Court holding in the *Scheffer* case. See *Connell v. C. & O. Ry.*, 93 Va. 44 at p. 57 (1896); *Doss v. Big Stone Gap*, 145 Va. 520 at p. 524 (1926); and *Smith v. Prater*, 206 Va. 693 at p. 700 (1966). In *Doss v. Big Stone Gap* plaintiff was injured when a plane collided with his vehicle. The collision occurred upon a detour which defendant town had constructed in too close proximity to the airport. The Virginia Supreme Court of Appeals in holding the negligence of the aviator to be the proximate, and the negligence of the town, if any, to be the remote, cause of the plaintiff's injuries undertook to define "natural and probable consequences" citing with approval the *Scheffer* case as an example of the type of independent intervening cause which will break the chain of causation and, of course, the intervening cause in *Scheffer* was the identical situation existing in the case at bar, i.e. suicide by plaintiff's decedent. Having cited with approval the holding in *Scheffer* the Virginia Court of Appeals then reaffirms this rule of

thumb laid down in *Fowlkes v. Southern Ry. Co.*, 96 Va. 742 (1899):

> If the wrong and resulting damages are not known by common experience to be naturally and usually in sequence, and the damage does not, according to the ordinary course of events follow from the wrong, then the wrong and the damage are not sufficiently conjoined or concatenated as cause and effect to support an action.

*Scheffer* is again cited with approval in the late case of *Smith v. Prater*, 206 Va. 693 (1966).

One of the simplest examples of what we are talking about can be found in the distinction drawn in the case of *Connell v. C. & O. Ry.*, 93 Va. 44 (1896), between the theft of baggage from a sleeping coach and the murder of a passenger on the coach by an intruder. In each of these instances the act of negligence of which the defendant railroad would be chargeable would be the same, i.e. the failure to provide to patrons of its sleeping coaches effective protection against intruders. In the case where this negligence resulted in the theft of a passenger's baggage, the Court said that the railroad's negligence would be the proximate cause of the loss. In the other case where the intruder instead of stealing the baggage, murdered the patron the negligence of the railroad would be the remote cause of the death. The obvious reason for this distinction as pointed out by the Court is that the theft of baggage would be a result which would be expected *naturally* to flow from the entry of a prowler into an unguarded coach while the murder of a passenger by such prowler would be a most *unnatural* result of such an entry.

Since the Virginia Supreme Court has, upon three separate occasions, adopted the reasoning of the *Scheffer* case in discussing the question of "intervening cause" and since *Scheffer* holds suicide to be an effective intervening cause, it is reasonable to assume that the Virginia Supreme Court would follow the majority rule if the factual occasion should present itself.

For the above reasons defendant's motion for summary judgment will be sustained.