# Richmond

## JERRY WAYNE BEALE v. ELSIE JONES.

January 19, 1970.

Record No. 7051.

Present, All the Justices.

*J. Samuel Glasscock* (*Godwin and Glasscock*, on brief), for plaintiff in error.

*William E. Baggs; Francis E. Clark* (*Breeden, Howard & Mac-Millan; Parker and Clark*, on brief), for defendant in error.

HARMAN, J., delivered the opinion of the court.

Elsie Jones, the appellee, instituted this action by motion for judgment against Harlan Lee Stecker and Jerry Wayne Beale, the appellant, to recover damages for personal injuries. A jury trial resulted in a joint verdict against Stecker and Beale in the amount of $10,500. The trial court approved the verdict and entered judgment.

The judgment has become final as to Stecker. We awarded a writ of error to review the judgment as to Beale.

The only question before us is whether there was sufficient evidence to sustain the jury's finding that Beale's negligence caused or contributed to cause the injuries sustained by the appellee.

Under these circumstances, the evidence and all proper inferences from the evidence will be stated in the light most favorable to the appellee since she was awarded the jury's verdict. *Holbert* v. *Evans,* 209 Va. 210, 163 S.E. 2d 187 (1968); *Laughorn* v. *Eanes,* 207 Va. 584, 151 S.E. 2d 378 (1966).

Mrs. Jones was injured as the result of an automobile accident which occurred on July 3, 1966, at approximately 11:30 p.m. at the intersection of Lear Road (State Route 1606) and U. S. Route 58 in Isle of Wight County. At the time of her injury she was riding in a car driven by her husband, Archie Jones.

The eastbound Jones car was making a left turn in a northerly direction from Route 58 into Lear Road when it was struck in the right side by the front of a westbound vehicle driven by Stecker. As the result of the impact with the Stecker car, the Jones car was knocked "sideways" at least 10 or 15 feet and came to rest in the northwest corner of the intersection. Stecker's vehicle came to rest after this impact facing in a southerly direction blocking the westbound lanes of the highway.

Shortly after the initial impact between the Jones and Stecker vehicles, a second collision occurred between the Stecker vehicle and the car being driven by appellant.

Beale's car sideswiped the rear of Stecker's car "a pretty good

whack" and "pulled him away from the Jones automobile and spun him around in the road." Beale's car did not strike the Jones vehicle and the second collision did not cause further impact between Stecker's car and the Jones vehicle.

Beale had been following Stecker from Gray's Texaco Station, which was located approximately six tenths of a mile east of the intersection of Lear Road and Route 58. The evidence was that Beale and Stecker had been "riding around" in Beale's car in the vicinity of Franklin from a few minutes after 10:00 p.m. until a few minutes before the accident; that they had been drinking alcoholic beverages together; that Beale had been drinking to a considerable extent prior to the time that he and Stecker commenced "riding around" together; and that Beale had been unruly, loud and profane on several occasions earlier in the evening. The evidence discloses that because of Beale's condition, Stecker and at least one other person had driven Beale's car during their meanderings in the vicinity of Franklin.

Shortly before 11:30 p.m. Stecker, who was then driving Beale's car, announced his intention of going home because he had to work the following day. He drove Beale's car to Gray's Texaco Station, where his car was parked. He left the Beale vehicle and proceeded in his own car in a westerly direction toward Franklin. Beale, who was accompanied by his wife, drove his car behind Stecker from the service station to the intersection. During this drive the evidence shows that both Stecker and Beale drove at speeds in excess of the speed limits and that Beale was traveling, at various times, from one to four car lengths behind Stecker's car.

Stecker was called as an adverse witness by the appellee. He testified that he was aware that Beale was following him; that he was aware of Beale's "drunken" condition; that he was concerned about his presence behind him and "I worried about what he was going to do." His testimony, however, was that Beale's conduct did not "detract" his attention from the road ahead of him and that he kept his "eyes on the road because I had to see what was in front of me."

When a defendant is called as an adverse witness the plaintiff is not bound by such of his testimony as is in conflict with evidence introduced by the plaintiff; but the plaintiff is bound by so much of the testimony of the defendant as is clear, reasonable and uncontradicted. *Weddle, Admx.* v. *Draper,* 204 Va. 319, 322, 130 S.E. 2d 462, 465 (1963). See also *Boyd* v. *Brown,* 192 Va. 702, 66 S.E. 2d 559 (1951); *Crabtree* v. *Dingus,* 194 Va. 615, 74 S.E. 2d 54 (1953).

■ The proximate cause of an event is that act or omission which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred. *Huffman* v. *Sorenson*, 194 Va. 932, 937, 76 S.E. 2d 183, 187 (1953); *Long's Baggage Transfer Co.* v. *Moore*, 198 Va. 608, 611, 95 S.E. 2d 221, 223 (1956); *Smith* v. *Prater*, 206 Va. 693, 698, 146 S.E. 2d 179, 183 (1966); *Wells* v. *Whittaker*, 207 Va. 616, 622, 151 S.E. 2d 422, 428 (1966).

To impose liability upon one person for damages incurred by another, it must be shown that the negligent conduct was a necessary physical antecedent to the damages. *Wells* v. *Whittaker, supra*, at 622, 151 S.E. 2d at 428.

"The evidence tending to show causal connection must be sufficient to take the question out of the realm of mere conjecture, or speculation, and into the realm of legitimate inference, before a question of fact for submission to the jury has been made out." *Hawkins* v. *Beechum*, 168 Va. 553, 561, 191 S.E. 640, 643 (1937); *Wilkins* v. *Sibley*, 205 Va. 171, 174, 135 S.E. 2d 765, 767 (1964).

The testimony of Stecker is clear, reasonable and uncontradicted that Beale's presence and conduct did not "detract" his attention from the road ahead and that he kept his "eyes on the road because I had to see what was in front of me." The record shows that Stecker underwent a rigorous examination as an adverse witness. At no place in this testimony did Stecker indicate that the operation of his car was affected by either Beale's presence behind him or the manner in which Beale operated his car.

In view of this positive and uncontradicted testimony, we hold that Stecker's "concern" and "worry" about what Beale might do was insufficient to create a jury issue.

Unquestionably Beale was guilty of negligence. To say, however, that this negligence was a proximate cause of appellee's injuries would require us to engage in conjecture or speculation.

Having found the evidence insufficient to support a verdict against the appellant, we reverse the judgment appealed from and set aside the verdict as to him. A final judgment will be entered here for the appellant, Jerry Wayne Beale.

*Reversed and final judgment.*