John R. Crumpler, Jr., Kaufman & Canoles, Norfolk, Va., for defendant.

**APV CREPACO, INC., Plaintiff,**

**v.**

**ALLTRANSPORT INCORPORATED, Defendant.**

**Civ. A. No. 87–341–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 6, 1987.

### ORDER

CLARKE, District Judge.

This case comes before the Court on defendant's Motion for Judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Defendant alleges that plaintiff fails to state a claim upon which relief can be granted because plaintiff's damages were not proximately caused by defendant.

The relevant facts of the case are as follows. Plaintiff engaged defendant, a freight forwarder, to make the necessary arrangements for and supervise the shipping of plaintiff's product in two containers from its Wisconsin plant to Alexandria, Egypt for delivery to plaintiff's customer. Plaintiff alleges that it notified an employee of defendant that the containers would

have to be inspected at Norfolk, Virginia before being loaded onto a vessel for shipment. This inspection was necessary prior to export from the United States according to the letter of credit issued by the purchaser's bank. Defendant failed to have the containers inspected, and as a result, plaintiff's cargo could not be discharged and delivered in Alexandria and remained aboard the vessel, M/V ARGONAUT, to be returned to the United States for inspection and reshipment. On the return voyage, the M/V ARGONAUT was involved in a collision which resulted in a constructive total loss of plaintiff's cargo.

Plaintiff's Complaint alleges that defendant's failure to have the containers inspected before they were shipped constituted actionable negligence and a breach of contract which make defendant liable to plaintiff for losses incurred, including the loss of the value of the cargo.

For purposes of ruling on this Motion, the Court will accept the allegations of the Complaint as true, *United States v. Mississippi*, 380 U.S. 128, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965), and construe the facts in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

In support of its Motion, defendant argues that under Virginia law, defendant's failure to procure the required inspection did not proximately cause plaintiff's loss. Defendant asserts that even if it did have a contractual and tort duty, the collision was caused by an intervening cause sufficient to relieve defendant from any liability. In other words, defendant's failure to inspect was not the proximate cause of the physical damage to plaintiff's goods. Additionally, defendant asserts that it could not be liable in contract because the risk that the plaintiff's containers would be damaged as a result of a collision was not foreseeable, and the damages thus caused were consequential damages resulting from the intervention of special circumstances.

Plaintiff, however, argues that while the collision may have been an intervening cause, it was not a superseding cause. Plaintiff claims that defendant knew that without the requested inspection, plaintiff's cargo would be subjected to the additional risks inherent in two extra ocean crossings; bringing the cargo back to this country for inspection and then shipping it, once more, to Egypt. Therefore, defendant's allegedly negligent act simply increased the existing risks and the intervening act, the collision, did not supersede defendant's original negligent act. Along the same lines, plaintiff argues that the collision was a foreseeable consequence of the failure to inspect.

Under Virginia law, "[t]he proximate cause of an event is the act or omission which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred." *Beale v. Jones*, 210 Va. 519, 522, 171 S.E.2d 851, 853 (1970) (citations omitted). In *Beale* the court discussed when there is sufficient causal connection to constitute a jury question as to the existence of proximate cause. The court said the evidence must "take the question out of the realm of mere conjecture, or speculation, and into the realm of legitimate inference, before a question of fact for submission to the jury has been made out." *Id.* at 522, 171 S.E.2d at 853. However, it is well settled in Virginia law that the proximate cause of an injury is ordinarily a question of fact for the trier of fact. *See e.g., Spence v. American Oil Co.*, 171 Va. 62, 68–69, 197 S.E. 468, 470 (1938).

In the case of *Coleman v. Blankenship Oil Corp.*, the Virginia Supreme Court discussed intervening and superseding cause.

There may, of course, be more than one proximate cause of an event. And not every intervening cause is a superseding cause. In order to relieve a defendant of liability for his negligence, negligence intervening between the defendant's negligence and the injury "must so entirely supersede the operation of the defendant's negligence that it alone, without the defendant's [negligence contributing] thereto in the slightest degree, produces the injury." *Richmond v. Gay*, 103 Va. 320, 324, 49 S.E. 482, 483 (1905). Furthermore, an intervening cause is not a

superseding cause if it was "put into operation by the defendant's wrongful act of omission."

*Coleman,* 221 Va. 124, 131, 267 S.E.2d 143, 147 (1980) (citations omitted). In *Coleman,* heating oil spilled from a truck belonging to the defendant onto the highway. The fire station was notified and attempted to wash down the road. When that effort proved unsuccessful, the Highway Department sent a dump truck loaded with sand to the scene. The Highway Department employees parked a truck with flashers at the scene and were directing traffic around the affected area. The plaintiff was directed around the truck and lost control of her car due to the oil in the road and struck another vehicle. The accident occurred approximately two hours after the oil was spilled. The jury found for the plaintiff. The trial court set aside the verdict and held as a matter of law that plaintiff was guilty of contributory negligence and defendant's negligence was not the proximate cause of the accident. The Supreme Court of Virginia held that the questions of proximate cause and contributory negligence were questions of fact properly decided by the jury and reversed the trial court's judgment.

The Virginia Supreme Court also discussed the proper determination of proximate cause in the case of *Scott v. Simms. Scott,* 188 Va. 808, 51 S.E.2d 250 (1949). *Scott* involved an action for wrongful death. Plaintiff's decedent was a nine-year-old girl who was killed following a collision between two of the defendants in the case. The third defendant, Hudson, had parked his car illegally. The deceased child had to go around the car to check traffic, and it was then that she was struck. Plaintiff claimed that all defendants caused the child's death by their concurring negligence. The jury returned a verdict against all three defendants, but the trial court set aside the verdict against Hudson. The Supreme Court reinstated the verdict against Hudson. In so doing, the court stated,

> Whether there is a causal connection between a defendant's negligence and a plaintiff's injuries is usually a question for the jury. It is only when men of reasonable minds may not fairly differ on the proper inferences to be drawn from the facts proved that it becomes a question of law for the court.

*Scott,* 188 Va. at 816, 51 S.E.2d at 253. In discussing proximate cause, the *Scott* court also stated that a defendant's negligence can be the proximate cause of an injury even if the defendant could not foresee the precise injury. "It is sufficient if an ordinary, careful and prudent person ought, under the circumstances, to have foreseen that an injury might probably result from the negligent act." *Scott,* 188 Va. at 818, 51 S.E.2d at 254.

Both plaintiff and defendant in the instant case cite Virginia cases in support of their respective positions. Defendant refers to the case of *Doss v. Big Stone Gap,* in which plaintiff's decedent was killed by an airplane which struck him as he was driving on a detour near an airport facility. *Doss,* 145 Va. 520, 134 S.E. 563 (1926). Plaintiff alleged that the town of Big Stone Gap's negligence in failing to maintain its streets thereby necessitating the use of the detour was the proximate cause of the injury. The trial court held that the death was not the natural and probable consequence of the town's alleged negligence, but instead that the act of the aviator was the proximate cause of the death. The Supreme Court affirmed the judgment of the trial court.

Plaintiff relies on the case of *Hines v. Garrett,* where the plaintiff sued the railroad when she was carried beyond her destination and caused to depart the train and walk back to her stop. Plaintiff was assaulted on the walk back to the station. *Hines v. Garrett,* 131 Va. 125, 108 S.E. 690 (1921). In discussing the intervening acts of the parties who assaulted the plaintiff, the court stated, "[w]e do not wish to be understood as questioning the general proposition that no responsibility for a wrong attaches whenever an independent act of a third person intervenes between the negligence complained of and the injury. But ... this proposition does not apply where the very negligence alleged consists

of exposing the injured party to the act causing the injury." *Hines,* 131 Va. at 140, 108 S.E. at 695.

During oral argument, defendant in the instant case discussed *Banks v. City of Richmond,* 232 Va. 130, 348 S.E.2d 280 (1986). In *Banks,* the defendant city's employee was aware of a "current problem" with a suspected gas leak in the oven of plaintiff's apartment. The city employee reported the problem to the apartment maintenance staff but did not turn off the gas. The apartment maintenance man went to check the oven. He turned on the gas to the oven (which had been off although the main gas line to the apartment had remained on). Upon smelling gas, the maintenance man turned the gas to the oven back off. When he could no longer smell gas, he opened the oven door and lit a cigarette lighter to detect the leak. An explosion resulted, and the man was blown through the kitchen cabinets. The defendant city moved during trial to strike plaintiff's evidence for failure to establish that defendant's conduct proximately caused the explosion. The trial court granted the motion to strike and was upheld by the Virginia Supreme Court.

In discussing proximate cause, the court stated "though a person is answerable for the consequences of a fault which are natural and probable, if the fault happens to concur with something extraordinary and not likely to be foreseen, the person will not be answerable." *Banks,* 232 Va. at 135, 348 S.E.2d at 283. In *Banks* the court also noted that a key issue in determining proximate cause is "whether there exists an intermediate cause disconnected from the primary fault that, self-operating, caused the injury." *Banks* at 136, 348 S.E.2d at 284. The court decided that the city's failure to turn off the gas was not the proximate cause of the explosion. In so deciding, the court concluded that it was not reasonably foreseeable that a maintenance man would use a cigarette lighter to search for a gas leak. Therefore, the conduct of the maintenance man "amounted to an intervening independent act that affected and was the immediate cause of the injury." *Banks* at 136, 348 S.E.2d at 284.

The facts of the instant case are analogous to those of the *Banks* case. Here, the collision was the result of an intermediate cause which was wholly disconnected from the failure of defendant to obtain the inspection. As the *Banks* court noted, the simplistic "but for" test is not determinative of proximate cause. A collision between two vessels was not a natural and probable consequence of defendant's failure to inspect the containers in Norfolk. At best, the possibility of a collision resulting from the lack of an inspection is mere conjecture or speculation, which does not rise to the level of a question of fact for the trier of fact. *See Beale v. Jones,* 210 Va. 519, 171 S.E.2d 851 (1970).

Therefore, this Court finds, as a matter of law, that the defendant's allegedly negligent failure to obtain an inspection was not the proximate cause of the constructive loss of plaintiff's cargo following the collision in New York Harbor. Additionally, the collision and resulting loss was not a reasonably foreseeable consequence of the failure to obtain the inspection. Both parties advocate Virginia law in their briefs. Under Virginia law, defendant's failure to have the cargo inspected was, if anything, a remote cause of the ultimate loss of the cargo. *See Doss v. Big Stone Gap,* 145 Va. 520, 134 S.E. 563 (1926). The cargo loss was also not a reasonably foreseeable consequence of the failure to inspect.

Accordingly, this Court GRANTS defendant's Motion to Dismiss plaintiff's claims with respect to the value of the cargo lost as a result of the collision. The plaintiff may, however, proceed with this case as it affects other damages pled by plaintiff incurred as a direct result of defendant's failure to inspect.

IT IS SO ORDERED.