# CIRCUIT COURT OF THE CITY OF ROANOKE

Kenneth E. Lucas,
adm'r of the estate of
Richard G. Lucas, Sr.,
deceased

v.

C & B Associates,
Michael Russell,
and Jack Vernon Altizer,
adm'r of the estate of
Timothy K. Kelly, deceased

January 31, 1990

Case No. CL 89-899

By JUDGE DIANE McQ. STRICKLAND

In addressing this issue [raised by the demurer of C & B Associates], all facts alleged in or reasonably inferable from the motion of judgment are considered true. *West Alexandria Properties, Inc. v. First Virginia Mortgage and Real Estate Investment Trust*, 221 Va. 134, 267 S.E.2d 149 (1980). The following facts are controlling.

On the night of July 25-26, 1989, Kelly was a patron and customer of a lounge known as "The Elephant Walk", operated under the management, supervision and control of defendant C & B Associates. Kelly purchased and consumed alcoholic beverages on the premises of The Elephant Walk which resulted in his severe intoxication, a fact apparent to common observation. At approximately 1:30 a.m. on July 26, 1989, when Kelly indicated his intention to depart The Elephant Walk, one of his friends, noting that he was in no condition to drive at that time, took the keys

to Kelly's pick-up truck and informed him that she would call a taxi cab. The friend in turn gave these keys to defendant Russell, who was employed by C & B Associates as a security guard or bouncer for The Elephant Walk, with the admonition to withhold the keys from Kelly while she called the cab.

Russell, noting Kelly's inebriated state and agreeing that he could not drive safely, accepted custody of the keys. A few minutes later, however, Russell relinquished the keys to Kelly, knowing that Kelly intended to drive his truck home but was too intoxicated to do so safely. Kelly proceeded to drive his truck from The Elephant Walk and thereafter struck plaintiff's decedent who was standing on the running board of a tow truck which had been called to the scene of another accident.

C & B Associates demurred to plaintiff's motion for judgment on the ground the "Virginia does not recognize a cause of action against a restaurant or its employees for failing to stop an intoxicated patron from leaving the premises." Pursuant to Virginia Code § 8.01-273 (1950 as amended) this Court will consider only that ground in determining whether plaintiff's motion for judgment has failed to state a cause of action upon which relief can be granted against C & B Associates.

The law in Virginia is clear that liability is not imposed upon an establishment that serves alcohol to a patron who subsequently drives an automobile and injures a third party. The General Assembly of Virginia has not enacted "dram shop" legislation which would impose such civil liability and no such liability is grounded in the common law. The Virginia Supreme Court addressed this issue of "nonliability" extensively in the case of *Williamson v. The Old Brogue, Inc.*, 232 Va. 350, 353, 350 S.E.2d 621 (1986). Williamson was injured in an automobile accident with Loredo who had become intoxicated as a result of consumption of alcoholic beverages at The Old Brogue. The trial court sustained the defendant's demurrer and the Supreme Court affirmed holding "*nonliability* of one furnishing intoxicants under these circumstances is a part of the common law in Virginia." 232 Va. at 353.

The Court rejected Williamson's arguments that a violation of Virginia Code § 4-62(1)(c) by the defendant constituted actionable negligence or made the defendant

negligent *per se* stating "the Act mandates no statutory tort liability." 232 Va. at 355. The theory that the negligence of The Old Brogue was akin to negligent entrustment, imposing liability on an owner for knowingly permitting an intoxicated person to drive his vehicle, was also rejected by the Virginia Supreme Court. Accordingly, those questions need not be re-examined by this Court.

The issue before this Court is whether plaintiff's allegation, that defendant Russell received Kelly's keys with an admonition not to permit him to drive and thereafter returned the keys to Kelly knowing him to be intoxicated, is sufficient to remove the present case from the scope of *Williamson* and to withstand the challenge of defendant's demurrer. Plaintiff contends that C & B Associates played a more significant role than did The Old Brogue, in that C & B's personnel not only made it possible for Kelly to become intoxicated but also made it possible for him to drive by returning the keys.

C & B responds that Russell simply had no right or duty to withhold Kelly's keys; and, in fact, it would have been liable under theory of conversion had he elected to do so. In support of this defense C & B cites cases from a number of other jurisdictions holding that a bailee is duty bound to return keys or a vehicle to its lawful owner even knowing such owner to be intoxicated. *Knighton v. Sam's Parking Valet*, 206 Cal. App. 3d 69, 253 Cal. Rptr. 365 (1988) (parking valet service not liable to third party struck by intoxicated owner to whom vehicle was returned); *Mills v. Continental Parking Corporation*, 475 P.2d 573 (1970) (operator of parking lot not liable for returning vehicle to intoxicated owner to subsequently struck a pedestrian); *Sampson v. W. F. Enterprises, Inc.*, 611 S.W.2d 333 (Mo. Ct. App. 1981) (repair shop owner not liable for returning vehicle to intoxicated minor who subsequently killed himself in an accident); *Congini v. Portersfield Valve Company*, 470 A.2d 515 (1983) (party host with custody of guest's keys not liable to injured third party for returning keys to guest in an intoxicated state). While the Virginia Supreme Court has not addressed a factually similar situation, the law of conversion in Virginia as defined in *Buckeye National Bank v. Huff & Cook*, 114 Va. 1, 75 S.E. 561 (1912), exposed defendants

C & B Associates and Russell to liability for withholding Kelly's keys when he requested their return.

Plaintiff relies upon the *Restatement of Torts* sect. 261 for the proposition that Russell was privileged to convert the keys for the purpose of defending a third party against harmful or offensive contact. Even were this section to be adopted as the law of the Commonwealth of Virginia, it creates only a right, not a duty, on the part of Russell to withhold the keys.

Plaintiff contends that C & B, through Russell, breached a duty owed to plaintiff's decedent, as a member of the general public, by being an accessory before the fact to Kelly's violation of Virginia Code § 18.2-266, "driving motor vehicle, engine, etc., while intoxicated, etc." An accessory before the fact is one who, sharing the criminal purpose of the perpetrator induces or procures or counsels or commands another to commit the crime, but is absent from its commission. *McGhee v. Commonwealth*, 221 Va. 422, 270 S.E.2d 729 (1980), *Rasnick v. Commonwealth*, 4 Va. (2 Va. Cas.) 356 (1823). The facts as alleged in plaintiff's motion for judgment do not support a finding that C & B, through Russell, shared the criminal purpose nor induced, procured, counseled or commanded Kelly to drive in violation of Virginia Code § 18.2-266. Furthermore, accomplice liability extends only to the natural and probable consequences of the intended crime. On the basis of the facts before the Court it cannot be determined that the death of plaintiff's decedent was the natural and probable consequence of Kelly's actions in violation of Virginia Code § 18.2-266.

Even were this Court to hold that C & B Associates, through defendant Russell, had the right and the duty to withhold Kelly's keys, there remains the issue of whether the violation of that duty was the proximate cause of the death of plaintiff's decedent. Proximate cause is that cause which in natural and continuous sequence produces the injury and without which the injury would not have occurred. *Beale v. Jones*, 210 Va. 519, 171 S.E.2d 851 (1970). In discussing the basis for the common law rule that an innocent third party did not have a cause of action against a vendor of alcoholic beverages for injuries caused by an intoxicated patron, the Virginia Supreme Court in *Williamson* stated that "drinking the intoxicant, not furn-

ishing it, is the proximate cause of the injury." 232 Va. at 353. The Court continued to state that "the common law considers the act of selling the intoxicating beverage as too remote to be a proximate cause of an injury resulting from the negligent conduct of the purchaser of the drink." 232 Va. at 353. Analogizing from this reasoning, it must also be found that driving, not furnishing car keys, was the proximate cause of the death of plaintiff's decedent; and that the act of delivering the car keys to an intoxicated person was too remote to be a proximate cause of the death which resulted from the negligent conduct of that person.

While this Court is cognizant of the serious problem created by intoxicated drivers operating vehicles upon the highways of this Commonwealth and sympathetic to the innocent victims who suffer from the actions of these drivers, many other considerations must be weighed in addressing this issue of liability. The reasoning of the Supreme Court in *Williamson* is sound; when an issue involves many competing societal and policy concerns, the matter must be left to the legislature to determine the appropriate balance and need for legal change. If this Court were to rule that C & B Associates could be held liable for Russell's delivery of the keys, this theory of liability would apply similarly to parking lot operators, valets, auto repair shop operators, party hosts, and even spouses who found themselves sin control of keys or a vehicle belonging to an intoxicated owner. The far-reaching implications of such a ruling are better left to the General Assembly which provides an appropriate forum for varying interests to be heard.

For all of the above-stated reasons, this Court sustains the demurrer filed by C & B Associates and grants leave to the plaintiff to amend.