## CIRCUIT COURT OF AMHERST COUNTY

C. David Scruggs et al.

v.

David Michael Linkenhoker
and Appalachian Power Co.

February 12, 1993

Case No. CL-4176

BY JUDGE J. MICHAEL GAMBLE

I am writing this opinion letter to rule on the Demurrer of David Michael Linkenhoker in this matter.

For purposes of the Demurrer, of course, the facts alleged in the Motion for Judgment must be accepted as true. The facts as alleged in the Motion for Judgment allege that on August 15, 1990, David Michael Linkenhoker negligently ran his automobile into an electric power station owned by Appalachian Power Company ("APCO"). The Motion for Judgment further alleges that the power station operated by APCO was supplying electricity to the home of the Plaintiffs. Further, it is stated that the flow of electricity to the Plaintiffs' house was interrupted and shut off. Last, in Paragraph 9 of the Motion for Judgment, the following allegation is made:

> As a further direct and proximate result of Defendant Linkenhoker's negligence, when electricity was restored to Plaintiffs' house, a fire started which caused property damage to the Plaintiffs' house.

The Plaintiffs ask for judgment against both Linkenhoker and APCO on the separately pleaded grounds of breach of warranty and negligence.

The Demurrer states four grounds upon which the Motion for Judgment is not sufficient. They are as follows:

1. It fails to plead facts upon which relief can be granted.

2. It alleges a superseding and intervening cause by virtue of the alleged acts of APCO which cut off the operation of any negligence by Linkenhoker.

3. It alleges that the damages sustained by the Plaintiffs could not have reasonably been foreseen by Linkenhoker.

4. The Motion for Judgment does not state any theory of law or facts which could establish a basis for liability against Linkenhoker.

While the Motion for Judgment does not specifically state that APCO restored the electricity after the substation was damaged, it is the plain inference from the pleadings that APCO restored the electricity. Thus, in accepting as true the allegations in the Motion for Judgment, the Court also makes the obvious inference from the pleadings that APCO restored the electricity to the house.

The Court holds that the Demurrer of Linkenhoker must be sustained and the Motion for Judgment against Linkenhoker dismissed. Based on the allegations of the Motion for Judgment, which are accepted as true, it is clear that the actions of APCO constitute a superseding and intervening cause and that Linkenhoker could not have reasonably foreseen that the home of the Plaintiffs would be damaged by fire once APCO restored the electricity.

The real issue boils down to whether or not the pleading sufficiently alleged that the actions of Linkenhoker are a proximate cause of the fire damage to the home of the Plaintiffs. Proximate cause, of course, is "that act or omission which, in natural and continuous sequence, unbroken by efficient intervening cause, produces the event, and without which it would not have occurred." *Beal v. Jones*, 210 Va. 519, 522, 171 S.E.2d 851 (1970).

In *Huffman v. Sorenson*, 194 Va. 932, 937, 76 S.E.2d 182 (1953), the Supreme Court of Virginia has stated proximate cause in another way:

> the proximate cause of an injury is that act or omission which immediately causes or fails to prevent the injury; an act or omission occurring or concurring with another, without which the injury would not have been inflicted, notwithstanding the other act . . . provided such injury could *reasonably have been anticipated by a prudent man*, in light of attendant circumstances. [Emphasis added.]

The action of APCO in restoring the electricity was an intervening act which was foreseeable by Linkenhoker. However, it could not have been

foreseen by Linkenhoker that the house of the Plaintiffs would burn as a result of running his car into the electric power station. Friend notes that ultimately liability in intervening third-party situations depends on whether or not the intervening act was foreseeable by the original tort-feasor. Friend, *Personal Injury Law in Virginia* (1990), § 4.4. Further, in *Jefferson Hospital, Inc. v. VanLear*, 186 Va. 74, 82, 41 S.E.2d 441, 444 (1947), the Supreme Court of Virginia held:

> An intervening cause will not be deemed to have broken the causal connection if the intervening cause was foreseen or reasonably might have been foreseen by the wrongdoer.

In the instant case, even though Linkenhoker was negligent, he could not reasonably have foreseen that a fire would occur when electricity was restored by APCO. The actions of APCO in restoring the electricity entirely superseded the original negligence of Linkenhoker. Thus, Linkenhoker must be dismissed on the Demurrer.