**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-1376

_____

SAMANTHA ROOP,

Plaintiff - Appellant,

v.

NICHOLAS JAMES DESOUSA,

Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:21-cv-00675-DJN)

_____

Submitted:  September 9, 2024                    Decided:  October 17, 2024

_____

Before WILKINSON, RUSHING, and HEYTENS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Samantha B. Cohn, GEOFF MCDONALD & ASSOCIATES, P.C., Richmond, Virginia; John S. Koehler, THE LAW OFFICES OF JAMES STEELE PLLC, Roanoke, Virginia, for Appellant.  Carter T. Keeney, CARTER & SHANDS, PC, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After being injured in a motor vehicle accident in July 2019, Samantha Roop brought this negligence action against Nicholas James Desousa, who conceded that he was responsible for the collision. Though Roop recovered for her soft tissue injuries, the district court granted Desousa's Fed. R. Civ. P. 50(a) motion for judgment as a matter of law on Roop's claim that the accident caused her to suffer internal pelvic injuries. Roop appeals that decision, and we affirm.

"We review the grant of a Rule 50(a) motion de novo, viewing the facts and drawing all reasonable inferences from them in favor of the nonmoving party." *Mathis v. Terra Renewal Servs., Inc.*, 69 F.4th 236, 242 (4th Cir. 2023) (cleaned up). "The operative question is whether the evidence compels but one reasonable conclusion as to the proper judgment." *Id.* (quotation marks removed). "Though courts must not weigh evidence, determine witness credibility, or substitute judgment of the facts for that of the jury, the nonmoving party must present more than a scintilla of evidence to support its claim." *Id.* (quotation marks removed).

In 2011, Roop was diagnosed with a cystocele, a type of pelvic prolapse. Because the cystocele was only first degree, Roop's urogynecologist, Dr. Nathan Guerette, did not consider it to be clinically significant. But by October 2019—three months after the accident—Roop's pelvic health had worsened, as Dr. Guerette diagnosed her with a second- to third-degree cystocele, as well as two other pelvic prolapses. According to Roop, these conditions were proximately caused by the motor vehicle accident.

In granting Desousa's Rule 50(a) motion, the district court concluded that Roop had not presented sufficient evidence as to why the prolapses occurred. The court emphasized that the cystocele was first diagnosed in 2011 and, in Dr. Guerette's words, "progressed" to a more severe condition in 2019. (J.A.[1] 520). Without evidence showing that Roop's pelvic problems were not merely the result of muscle deterioration, the court found that Roop's claim failed as a matter of law.

In addition, the district court drew a distinction between simple and complex causation, explaining that there was "an insufficient evidentiary basis for a reasonable jury to find for Plaintiff . . . as the causation issue relating to Plaintiff's pelvic prolapse was too complex for lay testimony only." (J.A. 812). In a subsequent order denying Roop's Fed. R. Civ. P. 59(a), (e), motion, the court expressly held that, under the substantive law of Virginia—which governs here—expert testimony is required to establish complex causation.[2]

On appeal, Roop disputes the district court's determination that expert testimony was necessary to prevail on her claim. However, we need not decide whether the absence of expert testimony was, on its own, fatal to Roop's claim. Even assuming that lay testimony could have sufficed—that is, that the district court erred in imposing an expert

---

[1] "J.A." refers to the joint appendix filed by the parties in this appeal.

[2] Roop does not challenge the district court's Rule 59 order.

3

testimony requirement—we nevertheless agree with the court's conclusion that the lay testimony that Roop adduced fell short of creating an issue for the jury.[3]

"[E]vidence tending to show causal connection must be sufficient to take the question out of the realm of mere conjecture, or speculation, and into the realm of legitimate inference, before a question of fact for submission to the jury has been made out." *Beale v. Jones*, 171 S.E.2d 851, 853 (Va. 1970). At trial, Roop testified that she experienced pelvic pain and related symptoms following the accident, though she could not remember when exactly these symptoms arose. And Dr. Guerette testified that Roop's pelvic problems were more significant in 2019, though he had not seen her since 2013. As the district court recognized, the mere fact that Roop's pelvic health worsened after the accident was not enough to infer a causal relationship. "Proof of possibility of causal connection is not sufficient," particularly where the plaintiff's explanation is "only one of several ways" in which an injury could have occurred. *Atrium Unit Owners Ass'n v. King*, 585 S.E.2d 545, 549 (Va. 2003) (quotation marks removed). Thus, based on the minimal causation evidence presented by Roop, the jury could have only speculated as to the cause of her pelvic injuries. For this reason, the district court properly granted judgment to Desousa on this claim.

---

[3] Consequently, we do not consider Roop's related claim that the district court erred by looking to cases outside of Virginia to bolster its conclusion that expert testimony was required.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*