## CIRCUIT COURT OF FAIRFAX COUNTY

Welch

v.

Jacque Jarman

August 9, 1989

Case No. (Law) 90352

By JUDGE ROSEMARIE ANNUNZIATA

This matter is before the Court on defendant Jacque Jarman's demurrer to plaintiff's claim for punitive damages. The demurrer is sustained.

Plaintiff predicates his prayer for punitive damages on the allegation that the automobile accident at the heart of this cause was the result of *inter alia*, Jarman's legal intoxication. The recent Virginia Supreme Court case of *Booth v. Robertson*, 236 Va. 269 (1988), is dispositive of this issue.

The *Robertson* Court defined the relevant negligent conduct:

> The objective fact that the defendant in this case voluntarily consumed enough alcohol to produce a reading of .22% blood alcohol content, *causing him to drive as he did on the night in question*, provides sufficient proof of his conscious disregard of the rights of others.

236 Va. at 273 (emphasis added). Thus, in the Court's view, it is the over-consumption of alcohol, *together with* the course of conduct caused by the consumption, that evinces the wanton conduct necessary to recover punitive damages.

180

Although plaintiff in the matter now before this Court has alleged that Jarman consumed alcohol to the point of legal intoxication, this assertion is accompanied by allegations that, if proven true, would only amount to conduct that constitutes simple negligence.

As noted by the Court in *Robertson*, while intoxication is relevant to a determination of the degree of the defendant's negligence, when the allegations of defendant's conduct do not rise above that of simple negligence, it must be concluded that the pleading is insufficient to support a claim for punitive damages.