## CIRCUIT COURT OF FAIRFAX COUNTY

Morris

v.

Koukoutchos

January 15, 1991

Case No. (Law) 99822

By JUDGE MICHAEL P. McWEENY

This case comes before the Court upon defendant's Demurrer to the punitive damages claim in the Amended Motion for Judgment. After hearing oral argument, the Court took the matter under advisement.

Upon review of the pleadings and the law, the Demurrer is sustained. In order to warrant the submission of the punitive damage issue in a personal injury case, Virginia requires that an "egregious set of facts" be presented. *Hack v. Nester, Adm'r*, 397 S.E.2d (adv. sheet) 851, 855, 7 V.L.R. 816, 823 (Nov. 9, 1990) There must be negligence which is so willful or wanton as to evince a conscious disregard of the rights of others. *Booth v. Robertson*, 236 Va. 269, 273 (1988).

In the present case, the plaintiff has alleged that the defendant, while intoxicated and travelling at an excessive rate of speed, rear-ended the plaintiff's vehicle and then fled the scene. The allegation that intoxication caused a rear-end collision does not supply an inference of the wanton conduct necessary for the recovery of punitive

damages. *See Baker v. Marcus*, 201 Va. 905, 910 (1960). Such an accident could be caused by any driver who failed to exercise ordinary care, and the damages would have been the same whether the defendant was intoxicated or sober at the time. *Eubank v. Spencer*, 203 Va. 923, 926 (1962). The post-injury conduct of the defendant also would not afford a basis for awarding punitive damages, absent accompanying allegations of a willful and wanton course of conduct proximately causing the accident and the injuries. *See generally* 22 Am. Jur. 2d, *Damages* §§ 749, 772. The facts as set forth here in the Amended Motion for Judgment, even in combination, do not rise to the necessary level of wantonness.

Since the plaintiff's allegations do not constitute a legally sufficient "egregious set of facts" for a punitive damages award, the Demurrer is sustained.