## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Debra K. Napoli

   v.

Jonathan B. Southworth et al.

November 20, 1991

Case No. CL91-172

By JUDGE WILLIAM H. LEDBETTER, JR.

This case is before the court on the defendants' demurrer. The demurrer contains two grounds: first, that there is no basis for the plaintiff's claim for punitive damages; and second, that the allegations do not support the plaintiff's claim against certain of the co-defendants under the theory of respondeat superior. The court heard arguments on the demurrer on October 28, 1991. Thereafter, counsel submitted memoranda. This opinion addresses the demurrer.

It is elementary that when considering a demurrer, the court must assume the truth of the facts alleged in the motion for judgment and all reasonable inferences that may be drawn from the allegations. *West Alexandria Properties, Inc. v. First Virginia Mortgage*, 221 Va. 134 (1980).

In that light, the pertinent facts are as follows. On December 26, 1989, the plaintiff was operating her vehicle on Jefferson Davis Highway at its intersection with Confederate Drive in Fredericksburg. A vehicle driven by defendant Southworth made a left turn in front of her. As a result of the collision that ensued, the plaintiff sustained serious injuries. At the time of the accident, the defendant Southworth was an agent or employee of the

other defendants, acting in the course and within the scope of his authority.

### The Punitive Damages Claim

Recovery of punitive damages for personal injuries resulting from an automobile accident is rarely permitted in Virginia. To justify such a recovery, the circumstances must be "egregious," and the defendant's conduct must be so willful or wanton as to evince a conscious disregard of the rights of others. *Booth v. Robertson*, 236 Va. 269 (1988); *Hack v. Nester*, 241 Va. 499 (1991).

Although the Supreme Court of Virginia has defined the quantum of proof needed to support a jury verdict for punitive damages in a personal injury case, it has not addressed the issue in the context of a demurrer. However, several trial courts have done so. In *Smith v. Woodward*, 19 Va. Cir. 436 (1990), the circuit court held that *Booth* required "specific allegations of rather egregious circumstances in order to support a claim for punitive damages" and sustained a demurrer because the allegations did not sufficiently set forth an "egregious set of facts." Likewise, in *Morris v. Koukoutchos*, 22 Va. Cir. 392 (1991), another circuit court sustained a demurrer to allegations that failed to "rise to the necessary level of wantonness."

In the case at bar, the motion for judgment contains five separate counts. Count I alleges negligence against the defendant Southworth, operator of the vehicle. Count II sets forth the plaintiff's claim against the other defendants under the theory of respondeat superior. Count III alleges a claim of negligent entrustment against the non-driver defendants. Count IV asserts a claim of negligent hiring against the non-driving defendants. Count V alleges gross negligence against all defendants.

The only description of the incident in the plaintiff's pleading refers to the defendant's left turn in front of the plaintiff's oncoming vehicle. In Count V, the plaintiff adds that the conduct of the defendants "outlined above" was "intentional and/or so willful, wanton, reckless, and/or grossly negligent as to evince a conscious disregard for the health and well-being of the plaintiff." The conduct "outlined above" in the pleading does not contain a trace of intentional, willful or wanton behavior. The language

in Count V is purely conclusory. The allegations contained elsewhere in the pleading make out a case of simple negligence but do not support a claim for punitive damages.

The reasoning of the circuit court decisions from Smyth County and Fairfax County, discussed above, is sound. Recovery of punitive damages in automobile accident cases requires proof of conduct significantly different from that found in most actions of that sort. In such cases, a defendant should not be put to the burdensome and expensive task of preparing a defense to a million-dollar claim for punitive damages when the facts alleged in the plaintiff's pleadings do not, even if they can be proven, justify such a claim.

For the foregoing reasons, the defendants' demurrer to the punitive damage claim will be sustained.

### The Claim Based on Respondeat Superior

The plaintiff claims that the named co-defendants, other than Southworth, are vicariously liable for the misfeasance of Southworth. That claim is premised on the allegation that those co-defendants operated a business, that Southworth was an agent or employee of the business enterprise, and that Southworth was operating his vehicle at the time of the accident in the course of that business and within the scope of his authority.

The non-driver defendants argue that the plaintiff's use of the word "agency" in her pleading does not connect them to the acts of the driver because ordinarily a principal is not liable for the negligent conduct of a "nonservant agent" during the performance of the principal's business.

The defendants correctly state the law. However, in ruling on a demurrer, the court looks only to the plaintiff's pleading and assumes it to be true. Here, the plaintiff alleges that the driver was acting as an "agent and/or servant and/or employee in the course of and scope of his agency and/or employment . . . ." These allegations do not limit the plaintiff to proof of a "nonservant agency." She has pleaded in the alternative, more than one of which would entitle her to recover against the co-defendants under the theory of respondeat superior if she can establish the negligence of Southworth. In other words, on the facts alleged, any negligence of Southworth associat-

ed with this accident could be imputed to the other defendants.

For the reason explained, the defendants' second ground of the demurrer will be overruled and denied.

Mr. McEachin will please prepare an appropriate sketch order making reference to this opinion letter and granting leave to the plaintiff to amend her motion for judgment within twenty-one days if she be so advised, after which the defendants would have twenty-one days to file new responsive pleadings.