## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Lorenzo Smith

v.

Samuel I. Reid, Jr.

July 28, 1992

Case No. CL91–180

BY JUDGE WILLIAM H. LEDBETTER, JR.

The defendant has filed a demurrer to the plaintiff's claim for punitive damages set out in the amended motion for judgment. Arguments were heard on July 27, 1992, and the matter was taken under advisement.

When considering a demurrer, the court must assume the truth of the facts alleged in the plaintiff's pleading and all reasonable inferences that may be drawn from the allegations. *West Alexandria Properties, Inc. v. First Virginia Mortgage*, 221 Va. 134 (1980).

In that regard, the facts are as follows. On February 8, 1991, the plaintiff was a passenger in an automobile being operated by a third party on Route 3 in Fredericksburg. The defendant's vehicle struck that automobile from the rear, causing injury to the plaintiff. Shortly before the accident, the defendant had consumed "numerous" alcoholic drinks at a nearby restaurant. His blood alcohol content was in excess of .10 percent; and his "mental judgment and physical reflexes" were "severely impaired by his excessive consumption of alcoholic beverages." In an intoxicated condition, the defendant drove at "an excessive rate of speed." He switched "from lane to lane" and struck the car in which the plaintiff was riding.

Recovery of punitive damages for personal injuries resulting from an automobile accident is rarely permitted in Virginia. To justify such a recovery, the circumstances must be "egregious" and the defendant's conduct must be so willful or wanton as to evince a

conscious disregard of the rights of others. *Booth v. Robertson*, 236 Va. 269 (1988); *Hack v. Nester*, 241 Va. 499 (1991). A number of circuit courts, including this one, have sustained demurrers or granted motions for partial summary judgment to eliminate punitive damage claims in personal injury cases where the particular facts, even if proven at trial, would not justify such an award. *See, Napoli v. Southworth, et al.*, 25 Va. Cir. 511 (1991). The circuit courts seem to be unanimous that when considering a demurrer to such a claim, specific egregious and extraordinary facts must be alleged. More is needed than purely conclusory references to "willful and wanton" conduct; in fact, more is needed than allegations of over-consumption of alcohol combined with allegations of conduct that, if proven true, would only amount to simple negligence. *See, e.g., Welch v. Jarman*, 18 Va. Cir. 179 (1989).

Here, the amended motion for judgment clearly and specifically alleges the defendant's intoxication. Beyond that, what is the "egregious" conduct? According to the pleading, at the time of the collision, the defendant was driving at an "excessive" speed and changed ("switched") lanes. These are acts which, if proven true, would constitute only simple negligence.

Accordingly, the demurrer to the plaintiff's claim for punitive damages in Count II of the amended motion for judgment will be sustained.