## CIRCUIT COURT OF WARREN COUNTY

Edwin J. Dryer et al.

v.

David James Webb et al.

September 23, 1994

Case No. (Law) 94-27

BY JUDGE JOHN E. WETSEL, JR.

In this case the plaintiffs filed a motion for judgment against two juvenile boys and their parents for damages resulting from destruction of the plaintiff's barn by a fire allegedly caused by the two boys. The parents have demurred to the motion for judgment filed against them. The parties have filed memoranda of authorities which have been considered by the Court and the Court has made the following decision.

### I. *Statement of Material Facts*

The plaintiffs allege that their barn was destroyed as a result of a fire set by David J. Webb and Christopher R. Reilly who were both minors at the time and were playing in the plaintiffs' barn with matches. The plaintiffs allege that it was a duty of the boys' parents to "supervise the actions of their sons with reasonable care and due regard for the safety of others." Paragraph 7 of the motion for judgment alleges that all the parents were negligent and that they "failed to supervise their sons with regard to the dangers of playing with matches . . ." and "failed to supervise their sons' activities so as to prevent them from trespassing on the private property of the plaintiffs."

With respect to the defendant Mark O'Donnell the father of Christopher Reilly, the plaintiffs allege that he was negligent in that he "provided the matches in question to defendant Christopher Robin Reilly without supervising their use." In their memorandum of authorities the plaintiffs claim

that they have asserted a negligent entrustment theory claim against the minors' parents.

## II. *Conclusions of Law*

A violation of the general duty of supervision alone is not a sufficient basis upon which to find the parents vicariously liable for their child's tort. · *Bell v. Hudgins*, 232 Va. 431, 352 S.E.2d 332 (1987). In general, a person owes no duty to control the conduct of third persons to prevent harm to another or to his property, particularly where the third person commits a criminal act. *See Marshall v. Winston*, 239 Va. 315, 389 S.E.2d 902 (1990). These principles are subject only to the statutory exception set forth in Virginia Code § 8.01-44, which is a statutory abrogation of the common law rule and which provides:

> The owner of any property may institute an action and recover from the parents, or either of them, of any minor living with such parents, or either of them, for damages suffered by reason of the willful or malicious destruction of, or damage to, such property by such minor. No more than $1,500 may be recovered from such parents, or either of them, as a result of any incident or occurrence on which such action is based. Any recovery from the parent or parents of such minor shall not preclude full recovery from such minor except to the amount of the recovery from such parent or parents. The provisions of this statute shall be in addition to, and not in lieu of, any other law imposing upon a parent liability for the acts of his minor child.

Accordingly, it is only where it is proven that the child willfully or maliciously damaged property that the Plaintiff may recover against the child's parents, and, even then, recovery against the parents is limited to $1,500.00.

Matches are not a dangerous instrumentality. *Baecher v. McFarland*, 183 Va. 1, 6, 31 S.E.2d 279 (1944) (the use of barbed wire is not a dangerous instrumentality). Strict liability for products not by their nature "ultra hazardous" is not recognized in Virginia. *See Harris v. T.I., Inc.*, 243 Va. 63, 413 S.E.2d 605 (1992). The only circumstances under which a parent will be liable for property damage caused by a fire set by his child are those set forth in Code § 8.01-44.

## III. *Decision*

For the foregoing reasons, it is adjudged and ordered that the demurrer of the defendants David G. Webb, Lynn L. Webb, Mark F. O'Donnell and Veronica A. O'Donnell are sustained except to the extent that the motion for judgment states a right of action subject to Virginia Code § 8.01-44.