PRESENT: Carrico, C.J., Lacy, Hassell, Keenan, Kinser, and Lemons, JJ., and Stephenson, S.J.

LEISA D. KIMBERLIN

OPINION BY
v.  Record No. 011393    SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.

PM TRANSPORT, INC., ET AL.                    June 7, 2002

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Robert P. Doherty, Jr., Judge

In this appeal, we determine whether the trial court erred in striking the plaintiff's evidence and entering judgment in favor of the defendants.

I

Leisa D. Kimberlin (the Plaintiff) filed a personal-injury action against the Administrator of the Estate of James E. Rapp, Jr., deceased, and Rapp's employer, PM Transport, Inc. (collectively, the Defendants).  The Plaintiff alleged that her injuries sustained in an automobile accident were proximately caused by Rapp's negligence while he was acting in the scope of his employment.

Following a three-day jury trial, the trial court struck the Plaintiff's evidence and entered final judgment in favor of the Defendants.  We awarded the Plaintiff this appeal.

II

According to well-established precedent, we must view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Plaintiff.  The Plaintiff was

injured in a motor-vehicle accident that occurred on the night of November 21, 1997.[*] Rapp was driving a tractor pulling a fully loaded tanker containing 8,000 gallons of gasoline. Rapp was traveling in the northbound lane of U.S. Route 220 Business, in Alleghany County, near the City (now Town) of Clifton Forge. A short distance south of the accident scene, U.S. Route 220 Business intersects with U.S. Route 220.

The accident scene is in an area where rocks often fall onto the highway. Consequently, there were three highway signs in the area that read, "Watch for Falling Rocks." Rapp was very familiar with this portion of the highway because he traveled it often, and he was aware of the signs.

The night of the accident was dark and stormy. Rain was falling, and, according to Rapp, it was "real foggy." There was no artificial lighting in the area.

As Rapp turned the tractor-tanker from Route 220 onto Route 220 Business, the driver of an approaching vehicle flashed the vehicle's headlights. Rapp considered this a warning. Despite this warning, however, Rapp increased his tractor's speed and proceeded along Route 220 Business about 45 miles per hour, the posted speed limit.

---

[*] Shortly after the accident, Rapp died of causes unrelated to the accident. Thus, much of the evidence consists of statements admitted pursuant to Code § 8.01-397, the so-called "Deadman's Statute."

Although Rapp had an unobstructed view of 300 to 400 yards and his vehicle was equipped with headlights and fog lights, Rapp's tractor struck a rock in the middle of his lane of travel, and he lost control of the vehicle. The tractor-tanker veered to the left, struck a rock wall, and came to rest "snug[ly]" against the wall on the west side of the highway. Gasoline from the tanker and diesel fuel from the tractor were rapidly spilling onto the highway, which slopes downgrade to the north. Rapp quickly exited the tractor and ran north along the highway.

As Rapp proceeded, he observed a vehicle, operated by the Plaintiff, approaching from the north. Rapp tried to warn the Plaintiff of the impending danger, but the Plaintiff never saw Rapp or his vehicle.

As the Plaintiff approached the accident scene, she observed what she believed to be fog, but which may have been smoke. The Plaintiff reduced the speed of her vehicle to 20 or 25 miles per hour. Immediately upon entering the fog or smoke, the Plaintiff's vehicle exploded and was engulfed in flames, and the Plaintiff sustained burns.

The day after the accident, a rock, described as "large," was found near the front of Rapp's vehicle. Rapp never saw the rock and gave no explanation for not having seen it.

3

Although the tractor-tanker had been equipped with reflective triangles and other warning devices, including orange cones, Rapp did not set out any of these devices because he was scared and wanted to get away from the vehicle as soon as possible. A representative of Rapp's employer testified, however, that the Federal Motor Carrier Safety Regulations mandate the use of warning devices after an accident and that Rapp was not "supposed to react" as he did.

                                III

Ordinarily, negligence and proximate cause are issues to be decided by a fact finder. Therefore, a jury should weigh the evidence, determine the credibility of the witnesses, and ultimately decide these issues when reasonable minds could differ about them. Only when reasonable minds could not differ are issues of negligence and proximate cause questions of law to be decided by a court. Phillips v. Southeast 4-H Educational Ctr., 257 Va. 209, 213, 510 S.E.2d 458, 460 (1999); Poliquin v. Daniels, 254 Va. 51, 57, 486 S.E.2d 530, 534 (1997).

In ruling on a motion to strike a plaintiff's evidence, a trial court must view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the plaintiff and overrule the motion when there is any doubt about the question. Artrip v. E.E. Berry Equipment Co., 240 Va. 354, 357, 397 S.E.2d 821, 823 (1990). Indeed, we have emphasized that striking a

                                4

plaintiff's case-in-chief "is a drastic measure with high costs to the administration of justice and should be avoided unless there is no doubt that the plaintiff has not proven any cause of action against the defendant."  West v. Critzer, 238 Va. 356, 359, 383 S.E.2d 726, 728 (1989).

With these legal principles in mind, we determine whether the Plaintiff's evidence established a prima facie case that Rapp was guilty of negligence that proximately caused the Plaintiff's injuries.  In so doing, we first consider the issue of speed.  In that regard, we have said that whether speed is excessive or reasonable must, in large measure, be governed by the existing conditions and not necessarily by the posted speed limit.  Goodwin and Reed v. Gilman, 208 Va. 422, 431, 157 S.E.2d 912, 919 (1967).

In the present case, the evidence shows that Rapp was driving a large tanker truck loaded with 8,000 gallons of flammable gasoline on a dark, rainy, and foggy night.  He knew that he was driving in an area where rocks were known to fall onto the highway.  As Rapp made the turn onto Route 220 Business, an approaching vehicle signaled a warning. Notwithstanding these circumstances and conditions, however, Rapp increased his vehicle's speed to the maximum allowable speed and continued at that speed until his vehicle struck a large rock in the middle of his lane of travel.  Based upon this

evidence, we conclude that reasonable minds could differ about whether Rapp was negligent in operating his vehicle at an excessive speed under the existing conditions and whether any such negligence was a proximate cause of the accident.

We next consider the issue of failure to keep a proper lookout. By his own admission, Rapp never saw the large rock directly ahead of him even though he had an unobstructed view of 300 to 400 yards, his vehicle was equipped with headlights and fog lights, and he knew that rocks were likely to fall onto the highway in the area. Based upon this evidence, we conclude that reasonable minds could differ about whether Rapp was negligent in failing to keep a proper lookout and whether any such negligence was a proximate cause of the accident.

For these reasons, we hold that the Plaintiff's evidence established a prima facie case of negligence and proximate cause and that the trial court erred in striking the evidence.

IV

The Plaintiff also contends that the trial court erred in ruling as a matter of law that Rapp did not violate § 392.14 of the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 392.14 (1995), which has been adopted as Virginia law. See 19 VAC 30-20-40 and 30-20-80. The federal regulation provides, in pertinent part, as follows:

6

Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by . . . fog, mist, [or] rain . . . , adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the . . . vehicle shall be discontinued and shall not be resumed until the . . . vehicle can be safely operated.

The Defendants assert that the regulation "does not equate rain and fog with 'hazardous conditions' " and that "the evidence fails to show whether the rain and fog amounted to 'hazardous conditions.' " While we believe that the regulation, in plain and unequivocal language, states that conditions caused by fog, mist, or rain become hazardous when they "adversely affect visibility or traction," the regulation, in the interest of public safety, merely imposes a duty on the operator of a commercial motor vehicle to exercise "[e]xtreme caution" under such conditions.

Based upon the evidence in the present case, we conclude that reasonable minds could differ about whether Rapp violated this duty and whether any such negligence was a proximate cause of the accident. Therefore, the trial court erred in ruling as a matter of law.

On the other hand, we agree with the Defendants that violation of the regulation does not constitute negligence per se. The regulation, as we previously noted, simply creates an

7

expanded duty of care for the operation of commercial motor vehicles under the conditions stated therein.

V

The Plaintiff further contends that the trial court erred in ruling as a matter of law that Rapp was not negligent per se in failing to comply with the requirements of Code § 46.2-111 and 49 C.F.R. § 392.22 (1995). Code § 46.2-111 provides, in pertinent part, that, whenever a vehicle used for the transportation of flammable liquids in bulk is disabled and stops on a highway, the operator shall place or cause to be placed certain warning devices, among other places, "in the center of the lane of traffic occupied by the disabled vehicle and not less than 100 feet therefrom in the direction of traffic approaching in that lane." The federal regulation contains a similar requirement for the placement of warning devices.

In the present case, although Rapp's vehicle was equipped with the required warning devices, Rapp failed to place any of the devices on the highway. Instead, he fled from the accident scene because he was scared and wanted to get away from his vehicle.

The record, however, does not show how much time had elapsed after Rapp's vehicle had become disabled and the Plaintiff arrived upon the scene. All it shows is that Rapp had had time to exit the tractor and to proceed on foot some

distance along the highway. Although we have said that "[t]he violation of a statute of this character constitutes negligence per se," Savage Truck Line v. Traylor, 193 Va. 579, 585, 69 S.E.2d 478, 482 (1952) (decided under predecessor statute), our finding of a statutory violation was based upon the length of time, prior to an accident, that a truck had been standing on a highway without the deployment of warning devices. We determined that the statute required action "as promptly as may be reasonably practicable." Id.

Consequently, we hold, in the present case, that the trial court erred in removing this issue from the jury. The jury should have been allowed to determine whether Rapp violated the statute and federal regulation and whether any such violation was a proximate cause of the accident.

VI

In addition, the Plaintiff sought to present evidence that Rapp's corrected vision was 20/40, the minimum required by the federal regulations. See 49 C.F.R. § 391.41 (1995). The Plaintiff asserts that this vision evidence was relevant in determining whether Rapp's conduct was reasonable under the existing conditions. We do not agree. Rapp's corrected vision met the federal requirement, and his visual acuity was not sufficiently deficient to have had an effect upon his conduct. Therefore, the trial court properly excluded the evidence.

9

The Plaintiff also sought to show, pursuant to Code § 8.01-397.1, that Rapp was in the habit of failing to wear his glasses. Code § 8.01-397.1(B) defines habit as "a person's regular response to repeated specific situations." In order for evidence of a person's habit to be admissible to prove that person's conduct on a particular occasion, examples of habit must be sufficiently numerous and regular. Moreover, because of the danger of abuse in such evidence, habit is "never to be lightly established." Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 511 (4th Cir. 1977) (applying Fed. R. Evid. 406).

In the present case, we do not believe that the Plaintiff's proffer pertaining to Rapp's habit of going without eyeglasses met the above-stated requirement. Therefore, the trial court properly excluded the evidence suggesting that Rapp may have been driving without his glasses.

VII

Finally, the Plaintiff contends that the trial court erred in holding as a matter of law that there was no evidence that Rapp was guilty of negligence by obstructing the highway. The Plaintiff relies, in part, upon Code § 46.2-888. That statute provides that "[n]o person shall stop a vehicle in such manner as to impede or render dangerous the use of the highway by others, except in the case of an emergency, an accident, or a mechanical breakdown."

We do not think that Code § 46.2-888 applies in the present case. Indeed, the statute, by its express terms, does not apply "in case of an emergency, an accident, or a mechanical breakdown."

The Plaintiff also relies upon Code § 18.2-324. That statute provides, in pertinent part, as follows:

> No person shall . . . deposit or cause to be deposited upon any highway . . . any . . . substance likely to injure any person . . . or damage any vehicle upon such highway, nor shall any person . . . deposit or cause to be deposited upon any highway any . . . substances so as to create a hazard to the traveling public.

The Plaintiff asserts that Rapp violated Code § 18.2-324 by causing gasoline to have been deposited upon the highway. She further asserts that Rapp is presumed to have been negligent for violating the statute and that, therefore, the Defendants had the burden of overcoming the presumption by producing evidence that reasonably explains that the violation resulted from a cause other than negligence.

In response, the Defendants point out that Code § 18.2-324 is a criminal statute, and they contend that, to be guilty of violating the statute, a person must intentionally deposit the hazardous substance on the highway. The Defendants assert that, because Rapp never intended to cause any deposit of hazardous substances, he did not violate the statute.

11

We agree with the Defendants.  Although the violation of a criminal statute may provide the basis for a wrongdoer's liability in a civil action, see, e.g., Code § 8.01-221, in the present case, the statute's violation requires proof of an intentional act and cannot provide the basis for a presumption of negligence.

Similarly, the Plaintiff contends that "the trial court erred in holding that there was no presumption of negligence created by the fact that Rapp's truck was on the wrong side of the road."  The Plaintiff relies upon Code § 46.2-802, which provides, in pertinent part, that "the driver of a vehicle shall drive on the right half of the highway."  The Plaintiff argues that the undisputed evidence shows that Rapp drove his vehicle out of the northbound lane of travel and proceeded into the southbound lane before crashing into the wall on the western shoulder of the highway.

We do not think that Code § 46.2-802 applies in the present case.  Code § 46.2-802 requires an operator to "drive" on the right half of the highway, and the evidence conclusively shows that Rapp was driving in the northbound lane when the accident occurred.  The presence of the truck on the western shoulder of the highway did not result from Rapp's failure to drive on the right half of the highway.

VIII

12

In sum, we hold that the trial court erred in striking the Plaintiff's evidence relating to whether Rapp operated his vehicle at an excessive speed under the circumstances or failed to keep a proper lookout and whether any such negligence was a proximate cause of the accident. We also hold that the trial court erred in ruling, as matters of law, that Rapp did not violate 49 C.F.R. § 392.14, Code § 46.2-111, and 49 C.F.R. § 392.22.

We further hold that the trial court did not err in its rulings regarding Code §§ 46.2-888, 18.2-324, and 46.2-802. The trial court also did not err in excluding evidence of Rapp's alleged impaired vision and failure to wear eyeglasses.

Accordingly, the trial court's judgment will be affirmed in part and reversed in part, and the case will be remanded to the trial court for a new trial.

Affirmed in part,
reversed in part,
and remanded.

13