## CIRCUIT COURT OF THE CITY OF RICHMOND

Brandy Pastore

v.

Ricky Smith et al.

August 9, 2005

Case No. LR-2908-4

BY JUDGE RANDALL G. JOHNSON

This personal injury action arises out of a motor vehicle collision that occurred in December 2001. It is before the court on defendants' demurrer. At issue is whether defendants' negligent repair of plaintiff's vehicle, such negligence being presumed on demurrer, can be a proximate cause of the collision.

For purposes of demurrer, the court accepts as true all well-pleaded facts and all reasonable inferences from such facts. *Martin v. Ziherl*, 269 Va. 35, 30, 607 S.E.2d 367 (2005); *McDermott v. Reynolds*, 260 Va. 98, 100, 530 S.E.2d 902, 903 (2000). The motion for judgment alleges that on December 12, 2001, plaintiff took her vehicle to Jiffy Lube in Henrico County to have her radiator serviced. Such service was performed. Three days later, on December 15, 2001, plaintiff was driving on Interstate 40 in Henderson County, Tennessee, when she began experiencing mechanical difficulty. She pulled over and stopped at a point completely out of the travel lanes of the highway. While she was so stopped, her vehicle was struck by a vehicle traveling in the same direction she had been traveling. The collision caused plaintiff's vehicle to burst into flames and plaintiff was seriously and permanently injured. The motion for judgment names as defendants the corporation that owns the Jiffy

Lube that serviced plaintiff's vehicle and the Jiffy Lube employee who did the work. The driver of the vehicle that struck plaintiff's vehicle is not a defendant in this action.

Defendants' demurrer is based on their argument that whatever negligence they committed cannot legally be a proximate cause of plaintiff's injuries. Instead, it is their position that their negligence was a remote cause, and not a proximate cause, of the collision, and that no reasonable fact-finder could conclude otherwise. The court disagrees.

> The proximate cause of an event is that act or omission which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred.

*Cohn v. Knowledge Connections*, 266 Va. 362, 369, 585 S.E.2d 578 (2003) (*quoting Beale v. Jones*, 210 Va. 519, 522 171 S.E.2d 851 (1970)).

While the above definition suggests that an intervening cause absolves a wrongdoer of liability for his or her negligence, the cases make it clear that this is not always true:

> [A]n intervening cause relied upon as interrupting the sequence of events following a negligent act must not itself be a happening that ought to have been foreseen. "An intervening cause will not be deemed to have broken the causal connection if the intervening cause was foreseen or reasonably might have been foreseen by the wrongdoer.

*Scott v. Simms*, 188 Va. 808, 817, 51 S.E.2d 250 (1949) (*quoting Jefferson Hospital, Inc. v. Van Lear*, 186 Va. 74, 82, 41 S.E.2d 441 (1947)).

Thus, every intervening cause is not a superseding cause; that is, a cause which "breaks" the causal connection between a defendant's negligence and the injury:

> To be a superseding cause, whether intelligent or not, it must so entirely supersede the operation of the defendant's negligence, that it alone, without the defendant's contributing negligence thereto in the slightest degree, produces the injury.

*Richmond v. Gay*, 103 Va. 320, 324, 49 S.E. 482 (1905). *See also Coleman v. Blankenship Oil Corp.*, 221 Va. 124, 131, 267 S.E.2d 143 (1980).

Moreover, "an intervening cause is not a superseding cause if it was 'put into operation by the defendant's wrongful act or omission'." *Coleman, supra,* 221 Va. at 131 (*quoting Jefferson Hospital, Inc. v. Van Lear, supra,* 186 Va. at 81).

In the case at bar, the motion for judgment alleges that because of defendants' negligent servicing of plaintiff's vehicle, plaintiff was forced to stop her vehicle on the shoulder of an interstate highway. While her vehicle "was completely out of the travel lanes of the highway," Paragraph 10 of the Motion for Judgment, the court is unwilling to hold as a matter of law that her predicament was not a foreseeable consequence of defendants' negligence, or that the non-defendant's act of colliding with plaintiff's vehicle "so entirely supersede[d] the operation of the defendant[s'] negligence, that it alone, without the defendant[s'] contributing negligence thereto in the slightest degree, produce[d] the injury. Proximate cause is ordinarily a question of fact for the jury and can be decided by the court as a matter of law only if reasonable minds cannot disagree. *Kimberlin v. PM Transport, Inc.,* 264 Va. 261, 563 S.E.2d 665 (2002); *Bentley v. Felts,* 248 Va. 117, 119-20, 445 S.E.2d 131 (1994). Based on the allegations of the motion for judgment, the court holds that reasonable minds can disagree here.