# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Patricia E. Hawes

v.

Kyle Cummings,
a minor, by his guardian,
Anne Cummings,
and Anne Cummings

November 10, 2014

Case No. (Civil) CL14-0635

By Judge Marjorie T. Arrington

This matter is before the Court on the defendant's demurrer to the plaintiff's claim for punitive damages. The Court has considered defendant's motion, plaintiff's brief in response to defendant's motion, and the arguments of counsel. The Court is of the opinion that defendant's motion should be denied.

The plaintiff owned a piece of property near the defendants, a mother and son. The plaintiff got to know the defendant son, such that she eventually trusted him and allowed him to stay in her home. The plaintiff gave the defendant son the garage door code so that he could come and go from her home as he pleased. One night, the son entered the plaintiff's home and removed jewelry worth a total of $12,195. The son subsequently sold all of the jewelry for his personal gain.

The plaintiff filed a complaint alleging that the defendant son trespassed and converted the plaintiff's chattels and sought statutory damages from the mother for damage to plaintiff's chattels caused by the son pursuant to Va. Code § 8.01-44.

The defendant mother filed a demurrer. The defendant mother notes that, according to the plaintiff's complaint, defendant mother is vicariously liable for her son's damages up to $2,500 pursuant to Va. Code § 8.01-44. The mother disagrees, arguing that the statute only applies to parents of a minor, and her son was not a minor at the time the plaintiff filed her complaint. Therefore, the defendant mother requests the Court to sustain the demurrer, dismiss the complaint with prejudice, or dismiss all claims

against her and award her attorney's fees, costs, and other appropriate relief. The plaintiff responds that the son was a minor when he damaged her property, which is all that is required pursuant to Va. Code § 8.01-44.

The defendant son also filed a demurrer, arguing that the plaintiff's request for punitive damages is not sufficiently alleged. A complaint for punitive damages must include specific facts that support the conclusion that the defendant acted willfully and wantonly, and must include allegations that the defendant son intended to cause harm to the plaintiff. The defendant son asserts that the plaintiff's complaint is devoid of these necessary facts and inferences and argues that the Court should dismiss the plaintiff's claim for punitive damages. The plaintiff replies that she sufficiently alleged punitive damages.

"The purpose of a demurrer is to determine whether a [complaint] states a cause of action upon which the requested relief may be granted. A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Abi-Najm v. Concord Condo., L.L.C.*, 280 Va. 350, 356–57 (2010) (citations and internal quotation marks omitted). Accordingly, "a demurrer admits the truth of all material facts properly pleaded. Under this rule, the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Rosillo v. Winters*, 235 Va. 268, 270 (1988); *see also Runion v. Helvestine*, 256 Va. 1, 7 (1998).

As to the mother's argument, Va. Code § 8.01-44 states the following:

> The owner of any property may institute an action and recover from the parents, or either of them, of any minor living with such parents, or either of them, for damages suffered by reason of the willful or malicious destruction of, or damage to, such property by such minor. No more than $ 2,500 may be recovered from such parents, or either of them, as a result of any incident or occurrence on which such action is based. Any recovery from the parent or parents of such minor shall not preclude full recovery from such minor except to the amount of the recovery from such parent or parents. The provisions of this statute shall be in addition to, and not in lieu of, any other law imposing upon a parent liability for the acts of his minor child.

In *Poe v. Yanke*, 16 Va. Cir. 202, 204 (Frederick Cnty. 1989), the circuit court stated that "Code § 8.01-44 imposes a liability in favor of the owner of property against parents for damages suffered by reason of the willful or malicious destruction of, or damage to, such property by any minor living with the parent." *See also Dryer v. Webb*, 34 Va. Cir. 471, 472 (Warren Cnty. 1994).

Further, were the defendant's argument true, a property owner could be barred from bringing this action simply for waiting a year after service

to file, despite filing within the statute of limitations because a minor may become emancipated or move from his or her parent's house at any time after the willful and wanton damage is committed. Also, a minor should not be able to avoid liability by simply moving out of their parent's home. "The rules of statutory interpretation argue against reading any legislative enactment in a manner that will make a portion of it useless, repetitious, or absurd." *Jones v. Conwell*, 227 Va. 176, 181 (1984). Consequently, the Court disagrees with the defendant mother's argument. The Court holds that the defendant son need not be a minor as of the date the plaintiff filed this action. Rather, the defendant son needed to be and was a minor when he damaged the plaintiff's property.

As for the defendant son's argument, to receive punitive damages, the plaintiff must allege that the defendant son acted wantonly and wilfully. *E.g., Coalson v. Canchola*, 287 Va. 242, 250 (2014). "Willful and wanton" is an "action undertaken in conscious disregard of another's rights, or with reckless indifference to consequences with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Woods v. Mendez*, 265 Va. 68, 76–77 (2003).

Although the plaintiff's complaint does not specifically allege that defendant son acted wilfully or wantonly, she does allege enough facts to state an action for punitive damages. After all, the defendant son befriended the plaintiff, earned her trust, and then abused her trust by stealing her personal property. The defendant son knew his actions would harm the plaintiff, yet he acted with disregard to the plaintiff. *See Smith v. Reid*, 28 Va. Cir. 381, 381-82 (1992) ("Recovery of punitive damages for personal injuries resulting from an automobile accident is rarely permitted in Virginia. To justify such a recovery, the circumstances must be egregious and the defendant's conduct must be so willful or wanton as to evince a conscious disregard of the rights of others. . . . The circuit courts seem to be unanimous that when considering a demurrer to such a claim, specific egregious and extraordinary facts must be alleged. More is needed than purely conclusory references to willful and wanton conduct."). Accordingly, the plaintiff's allegations of defendant son's willful and wanton conduct are sufficient to survive demurrer.