# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Kent Ewing

    v.

Superior Air Parts, Inc.,
Hampton Roads Helicopters, Inc.,
and Powermaster, Inc.,
d/b/a Powermaster
Aircraft Engines, Inc.

April 18, 2016

Case No. (Civil) CL15-2425

By Judge John W. Brown

This is an action arising from the crash of the plaintiff's aircraft on a flight from Norfolk International Airport to Birmingham, Alabama, on November 28, 2013. During the descent into Birmingham, the cabin of the airplane filled with white smoke and oil sprayed on the windscreen. The plane lost engine power, and the plaintiff was forced to land the aircraft in a field, resulting in the total loss of the plane. The complaint alleges that the engine failure was due to the "overheated number two connecting rod bearing."

The engine was manufactured by Continental Motors and overhauled by defendant Powermaster in 2004. The complaint alleges that this overhaul was conducted using parts sold and obtained from defendant Superior Air Parts (Superior). Defendant Hampton Roads Helicopters (HRH) performed inspections on the engine between overhauls, the last occurring on August 15, 2013.

The complaint alleges products liability (Count I), negligence (Count II), and breach of warranty (Count III) against Superior. Against Powermaster and HRH, the plaintiff alleges negligence (Count IV), breach of warranty (Count V), negligent misrepresentation (Count VI), breach of contract (Count VII), willful and wanton conduct (Count VIII), and negligent infliction of emotional distress (Count IX). Defendant HRH demurs to Counts IV-IX.

### Demurrer of Defendant HRH

This Court applies familiar standards in addressing the defendant's demurrer, accepting as true the factual allegations of the complaint and all inferences reasonably drawn therefrom. *See, e.g., West Alexandria Props., Inc. v. First Va. Mortg. & Real Estate Inv. Trust*, 221 Va. 134, 136 (1980). It is well-established that a plaintiff need not descend into details of proof in order for a complaint to survive a demurrer. *See, e.g., Hunter v. Burroughs*, 123 Va. 113, 129 (1918). Correspondingly, the Supreme Court of Virginia has repeatedly admonished the circuit courts for "short-circuiting" litigation at the demurrer stage. *See, e.g., Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven, Ltd. P'ship*, 253 Va. 93, 95 (1997) (The Supreme Court of Virginia "disapprove[s] the grant of motions which 'short circuit' the legal process thereby depriving a litigant of his day in court and depriving this Court of an opportunity to review a thoroughly developed record on appeal."); *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993).

### Count IV: Negligence

The defendant argues that, under *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553 (1998), a tort action cannot be based solely upon a negligent breach of contract. The instant complaint fails

to identify any extra-contractual legal duty that HRH owed the plaintiff, and, therefore, the defendant argues that its demurrer to Count IV should be sustained.

The plaintiff responds that Count IV is not solely based on a negligent breach of contract, but rather negligence that occurred in the performance of maintenance on the plaintiff's aircraft. This duty arises from Federal Aviation Regulations and advisory circulars.

> If the cause of complaint be for an act of omission or non-feasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract, and not upon tort. If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of contract, to take due care, and the defendants are negligent, then the action is one of tort.

*Oleyar v. Kerr,* 217 Va. 88, 90 (1976) (quoting *Burk's Pleading and Practice,* § 234 at 406 (4th ed. 1952)).

The violation of a statute or ordinance may give rise to a negligence claim sufficient to stand alongside a claim for breach of contract. *See, e.g., Kaltman v. All Am. Pest Control, Inc.,* 281 Va. 483 (2011). In order to prove such a negligence *per se* claim, "First, a plaintiff must establish that the defendant violated a statute that was enacted for public safety.[1] Second, the plaintiff must prove that he belongs to the class of persons for whose benefit the statute was enacted, and that the harm that occurred was of the type against which the statute was designed to protect. Third, the plaintiff must prove that the statutory violation was a proximate cause of his injury." *Halterman v. Radisson Hotel Corp.,* 259 Va. 171, 176-77 (2000).

It would appear that a regulation enacted for the benefit of public safety may likewise form the basis for a duty giving rise to a negligence claim. *Cf. Kimberlin v. PM Transp.,* 264 Va. 261, 268 (2002) ("[W]e agree with the Defendants that violation of the regulation does not constitute negligence *per se*. The regulation, as we previously noted, simply creates an expanded duty of care for the operation of commercial motor vehicles under the conditions stated therein."); *Halterman,* 259 Va. at 176, n. 1. Indeed, "[s]everal Courts have held that, under certain circumstances, the violation of a federal aviation regulation is negligence *per se*." *Mackey v. Miller,* 221

---

[1] "We note that Radisson does not argue that an OSHA regulation is not the equivalent of a statute enacted for public safety for purposes of establishing a claim of negligence *per se*. Thus, in resolving the issues raised in this appeal we will assume, without deciding, that the violation of an OSHA regulation is the equivalent of such a statutory violation in asserting this type of claim." *Halterman,* 259 Va. at 176, n. 1.

Va. 715, 718, n. 2 (1981). The Court consequently overrules the demurrer to Count IV.

### Count V: Express and Implied Warranty Claims

The defendant argues that the plaintiff's claims for violation of express and implied warranties of merchantability and fitness for particular purpose are invalid, as no such warranties are applicable to companies that provide services, as opposed to selling goods under Virginia law. The complaint does not allege that HRH sold goods to the plaintiff, the defendant claims, but simply states that HRH conducted annual inspections of the aircraft. Furthermore, the complaint fails to set forth an express warranty claim because the complaint does not set forth the specific language used to create such warranty. In any event, the defendant maintains that the contracts were predominantly for the provision of services, and the demurrer should be sustained.

The plaintiff counters that his warranty claims are sufficiently pleaded; HRH provided services to the plaintiff, but these services were accompanied by goods.

Paragraph 84 of the complaint alleges that "defendants are now, and were at all times material hereto merchants engaged in the business of . . . selling aircraft, component parts and aircraft engines, including the accident aircraft engine."

Paragraph 90 further alleges: "In addition, defendants provided an express and implied warranty for the accident aircraft and its engine, accessories, and rotating components."

The following provisions of the Virginia UCC are relevant to the disposition of the warranty counts.

"Unless excluded or modified (§ 8.2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Va. Code § 8.2-314(1). "Goods to be merchantable must be at least such as . . . are fit for the ordinary purposes for which such goods are used. . . ." *Id.* § 8.2-314(2)(c).

Furthermore, "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section [§ 8.2-316] an implied warranty that the goods shall be fit for such purpose." *Id.* § 8.2-315.

Code § 8.2-104 defines a merchant as "a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself

out as having such knowledge or skill." Code § 8.2-103 defines a seller as "a person who sells or contracts to sell goods."

From the face of the complaint and the plain language of the Virginia UCC, the plaintiff has pleaded a cause of action for breach of implied warranty, and the Court overrules the demurrer to this portion of Count V. *See Chantilly Ptnrs. v. James A. Federline, Inc.*, 26 Va. Cir. 1, 8-9 (Fairfax Cnty. 1991) (overruling demurrer because, where plumbing service allegedly provided goods and services, the issue of implied warranty was a factual matter for the trier of fact).

Regarding the express warranty portion of this count, Code § 8.2-313(1) (a) provides:

> (1) Express warranties by the seller are created as follows:
>
> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
>
> (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.
>
> (2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

The plaintiff argues on brief that HRH signed logbook entries detailing the goods and work supplied to the plaintiff as satisfying maintenance standards contained in the Federal Aviation Regulations. The allegations of the complaint are not so specific, merely stating that the defendant made "descriptions, representations, and affirmations concerning the goods. . . ." (Compl. Para. 89.) However, the Court does consider the attachments to the complaint, which include the purported logbook entries.

Given the presence of these allegations and attachments to the complaint, the Court overrules the demurrer to the express warranty portion of Count V.

### Count VI: Negligent Misrepresentation

The defendant argues that this count is improperly pleaded as a separate tort; its substance is subsumed in the negligence, breach of contract, and breach of warranty counts. Under *Richmond Metropolitan Authority*, the

defendant argues that the allegations of constructive fraud are nothing more than allegations of negligent performance of contractual duties. Furthermore, the plaintiff does not allege that HRH actually knew that the airworthiness certification was false—this is insufficient to state a claim for fraud (although the count is not filed as such).

The plaintiff replies that the complaint sets forth, in paragraphs 96-103, allegations sufficient to state a claim of negligent misrepresentation. The plaintiff maintains that the complaint does not merely allege negligent performance of contractual obligations, *see supra,* but failure to comply with duties set forth in the Federal Aviation Regulations and advisory circulars. Furthermore, the plaintiff argues that it has sufficiently set forth allegations of fraud; whether the statements were made with a knowing intent to mislead, is a factual question, and not properly disposed of at the demurrer stage.

"[T]he elements of a cause of action for constructive fraud are a showing by clear and convincing evidence that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of his reliance upon the misrepresentation." *Mortarino v. Consultant Eng'g Servs.,* 251 Va. 289, 295 (1996). "[W]here fraud is relied on, the [pleading] must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defense accordingly, and since [fraud] must be clearly proved it must be distinctly stated." *Id.* (quoting *Ciarochi v. Ciarochi,* 194 Va. 313, 315 (1952)).

The allegations of the complaint must be accepted as true at this point in the litigation; although there is some implausibility to the fraud claims, the complaint must be construed in the light most favorable to the pleader. *See, e.g.,* Condo. Servs. v. First Owners' Ass'n of Forty Six Hundred Condo., 281 Va. 561, 571 (2012). The plaintiff has alleged constructive fraud with sufficient particularity and should be afforded the opportunity to prove his claims. *See, e.g., Sales v. Kecoughtan Hous. Co.,* 279 Va. 475, 482 (2010) (holding statements indicating that "apartment was safe for habitation and that the mold problem had been remedied" were sufficient to survive demurrer). For the reasons stated above with respect to the negligence count, the Court overrules the demurrer to the negligent misrepresentation count. The plaintiff is entitled to proceed on multiple theories of recovery under Rule 1:4(k).

## Count VII: Breach of Contract

The defendant argues that the complaint combines breach of contract allegations against both Powermaster and HRH, making it difficult to discern the nature of the claims against HRH. The complaint does not provide any terms of the alleged contract and does not recite which terms of the contract were allegedly violated. Because the complaint fails to allege facts regarding the terms of the agreement and the defendant's violation,

the count fails under *Ramos v. Wells Fargo Bank*, 289 Va. 321, 770 S.E.2d 491 (2015) (published order).

The plaintiff counters that the complaint does set forth allegations of a breach of contract, and further, that the defendant used the existence of a contract to argue against the plaintiff's negligence claims on brief.

In order to recover for breach of contract, a plaintiff must allege (1) the existence of a contract between the parties; (2) the defendant's breach of that agreement; and (3) resulting damage to the plaintiff. E.g., *Filak v. George*, 267 Va. 612, 619 (2004).

Here, the complaint alleges the existence of an agreement for the defendants to provide overhaul and maintenance to the accident aircraft. (Compl. Para. 108.) The existence of a breach and resulting damages are likewise alleged. (*Id.* 110-11.) The defendant's reliance on *Ramos* is misplaced; in that case, the plaintiff failed to plead any damages resulting from the alleged breach of contract. 770 S.E.2d at 493 ("[A]ppellants fail to set forth a single factual allegation of any injury or damage they incurred as a result of Wells Fargo's alleged breach. And their second amended complaint contains no ad damnum clause stating the amount of any damages claimed. . . ."). The Court therefore overrules the demurrer to this count.

### Count VIII: Recklessness, Outrageousness, Willful, and Wanton Conduct

The defendant claims that the plaintiff fails to provide any specific factual allegations setting forth the manner in which HRH conducted its inspection of the accident aircraft. Under the applicable heightened pleading standard, the plaintiff has failed to allege, willful, wanton, or outrageous conduct, the defendant posits.

The plaintiff responds that the complaint alleges that the defendants had "actual knowledge of the defect and deficiencies in the accident aircraft" and failed to remedy these conditions.

Rule 3:18(b) provides that simple negligence may be generally pleaded. However, with respect to willful and wanton conduct, a plaintiff must allege more specific facts. "Willful and wanton negligence . . . is 'acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another.'" *Harris v. Harman*, 253 Va. 336, 340-41 (1997) (quoting *Griffin v. Shively*, 227 Va. 317, 321 (1984)). Such allegations cannot merely be conclusory in nature. *E.g., Hawes v. Cummings*, 89 Va. Cir. 289, 291 (Chesapeake City 2014) ("[W]hen considering a demurrer to such a claim, specific egregious and extraordinary facts must be alleged. More is needed than purely conclusory references to willful and wanton conduct." (quoting *Smith v. Reid*, 28 Va. Cir. 381, 381-82 (Fredericksburg City 1992))).

The complaint in the instant case sets forth allegations that defendant HRH inspected the aircraft in an improper and unsafe manner, failed to inspect its engine in a reasonable and competent manner, and had actual knowledge of the defects in the aircraft, but failed to act upon such knowledge. However, these allegations lack the requisite specificity, *see, e.g., id.,* and the Court sustains the demurrer regarding this count, but provides the plaintiff leave to amend.

## Count IX: Negligent Infliction of Emotional Distress

The defendant argues that the damages for this count are duplicative of those sought elsewhere, and, therefore, the count is "duplicative, unnecessary, and improper."

The plaintiff counters that he has properly set forth a cause of action and the demurrer should therefore be overruled.

It is well settled that alternate pleading is permitted under Virginia law; the prohibition lies upon double recovery. *See, e.g.,* Rule 1:4(k) ("A party asserting . . . a claim . . . may plead alternative facts and theories of recovery . . . provided that such claims . . . arise out of the same transaction or occurrence. . . . A party may also state as many separate claims . . . as he has regardless of consistency and whether based on legal or equitable grounds."). The Court therefore overrules the demurrer to Count IX.

## Conclusion

For the reasons provided above, the Court overrules defendant HRH's demurrer to Counts IV, V, VI, VII, and IX. The Court sustains the demurrer with leave to amend with respect to Count VIII.